## THE STATE OF WISCONSIN *vs.* LOUIS E. TORINUS and others.

### December 27, 1877.

**Agent Authorized by Statute to Sell Logs for Cash—Delivery of Logs Before Price was Paid in Hand.**—A statute of Wisconsin authorized the governor of that state to appoint one or more agents to preserve and protect the timber on certain lands, and made it the duty of such agent or agents, on behalf of the state, to take possession of all logs and timber which may be cut on or carried away from said lands without lawful authority, and to sell and convert the same into money, to be immediately paid into the state treasury, "provided that such sale of timber or logs so seized shall be made at public auction, to the highest bidder, for cash." *Held*, that the sale which the agent is thus authorized to make is a sale for money to be paid in hand at the time of the sale, so that it can be paid into the state treasury *immediately*, and that therefore a sale for anything but money in hand is wholly unauthorized and void. A delivery by the agent of logs sold, without payment of the price in hand, is also wholly unauthorized and void, and confers no right whatever in the logs as against the state of Wisconsin.

**Same—Promissory Note Given for Logs.**—*Held*, further, that a promissory note having no other consideration to support it than such unauthorized and void sale, is null and void.

**Same—Sale in Excess of Authority can only be Ratified by the Legislature.**—*Held*, further, that the authority of the agent to make this sale, being conferred by, and wholly dependent upon, the act of the legislature, can be ratified and made good only by an act of the legislature.

This action was brought in the district court for Washington county upon a promissory note dated December 23, 1873, and payable to the order of Sam. Harriman, agent of the state of Wisconsin. By order of the court the action was referred to George L. Otis, Esq., to hear, try and determine the same, and report a judgment thereon. The referee reported that the note in suit was given by defendants to the said Sam. Harriman for the amount bid by the defendants July 25, 1873, at a public sale of certain logs which the said Harriman had taken into his possession as the agent of the state of Wisconsin, (Laws 1869, *c.* 46;) and further, that the said Harriman was not authorized to sell said logs except for cash; that the said sale had been made upon credit, and was

therefore unauthorized and void; that the plaintiff was not
bound by said sale, and did not thereby lose its right of prop-
erty in said logs; that said promissory note, having no other
consideration to support it than such unauthorized sale, was
therefore null and void, and that the plaintiff was consequently
not entitled to recover thereon.    The referee accordingly
ordered judgment to be entered for defendants.    Plaintiff
moved before *Crosby,* J., at chambers, to set aside and vacate
the conclusions of law found by the referee, and for judgment
for the plaintiff upon the facts found.    This motion was
denied.    Judgment was thereafter entered for the defendants,
and the plaintiff appealed.

*Davis, O'Brien & Wilson,* for appellant.

It has not been distinctly found by the referee that this
transaction was a sale on credit, and therefore it is to be
presumed that Harriman, a public officer, did not violate the
statute or render himself liable for a criminal neglect of his
duty.    Broom's Leg. Max. 949; Wharton's Ev. § 1318.    The
mere fact that the defendants got possession of the logs, and
then failed to pay the cash, does not by any means establish
their right to convert this into a sale upon credit and thereby
defeat the whole transaction.    It would rather appear to be
the case that upon the defendants' default a cause of action
accrued to the state, and that the state subsequently arranged
for the settlement of the same, as it had full authority to do.
And even where a statute prohibits an act, or annexes a pen-
alty to its commission, it does not inevitably follow that the
legislature meant to avoid a contract made in contravention
of it.    *Harris* v. *Runnells,* 12 How. 80.    But here the statute
was merely directory, and compliance with it was not there-
fore essential to the validity of the sale.    *Jones* v. *State,* 1
Kan. 273.

In any event the restriction of the statute upon the author-
ity of the agent to sell on credit was merely for the protection
of the state, and therefore the usurpation can be waived and
the act of the agent ratified.    The rights of the state were

not in anywise restricted by the statute, and its power to ratify the sale by Harriman is in no way abridged. *State v. City of Buffalo*, 2 Hill, 434; *Longfellow v. Cushing*, 29 Me. 306; *Small v. Ludlow*, 20 N. Y. 155.

A statutory provision may always be waived by the person whom it was intended to benefit, (Sedg. St. Con. 109,) and no statute binds the state in the absence of an express provision. Broom's Leg. Max. 74; Chitty Prec. 366–383; Vin. Ab. "Statutes," (E. 10;) *R. v. Copland*, Hughes, 204–230. The bringing of this action is a sufficient waiver and ratification by the state, as it operates as an estoppel, and judgment therein will bind all parties. *Bird v. Brown*, 4 Exch. 798, 799. Again, this statute cannot be set up against the state, as it only renders the note voidable by the state, but neither void nor voidable so far as the defendants are concerned. In this it is analogous to a contract by an infant or married woman. Moreover, the defendants are estopped from setting up this defence by their retention of the logs for which the note was given. *Burrows v. Bashford*, 22 Wis. 108; *People v. Murray*, 5 Hill, 468; *Pine Grove v. Talcott*, 19 Wall. 678; *Meltonburger v. Cook*, 18 Wall. 421; *Hathaway v. Payne*, 34 N. Y. 109; *McCullough v. Roots*, 19 How. 349; *Schermerhorn v. Tallman*, 4 Kernan, 124, 125; *Whitney Amor. Co. v. Barlow*, 63 N. Y. 62.

In *King v. The Inhabitants, etc.*, 2 Ad. & El. 65, it was held, under a statute which conferred upon the guardians of the poor power to bind children as apprentices, "provided such children be not bound for a longer time than until they shall have attained" a specified age, that an indenture binding a boy for a longer time than that allowed by the act was not wholly void, but only voidable.

See, also, *Steam Nav. Co. v. Weed*, 17 Barb. 378; *Bank v. North*, 4 John. Ch. 370; *State v. Woram*, 6 Hill, 37; *Glass Co. v. Dewey*, 16 Mass. 94; *Steamboat Co. v. McCutcheon*, 13 Pa. St. 13; *Savings Bank v. Ford*, 27 Conn. 282; *Worcester Med. Inst. v. Harding*, 11 Cush. 285; *Bank v. Detroit R. Co.* 17 Wis.

383; *Bank* v. *Hammond,* 1 Rich. 281; *Brooks* v. *Martin,* 2 Wall. 70; *Faikney* v. *Reynolds,* 4 Burr. 2067; *Petin* v. *Hamay,* 3 Term, 418; *Tennant* v. *Elliott,* 1 B. & P. 3.

*McCluer & Marsh,* for respondents.

This contract was not authorized by the law under which Harriman purported to act, but was in direct contravention of such statute. It would also appear that where a public officer, without special authority, makes a sale on credit, (*Delafield* v. *State,* 26 Wend. 192; *Cushing* v. *Longfellow,* 26 Me. 306; Story on Agency, § 78,) or makes a contract in violation of law, (*State* v. *Bank,* 5 Ind. 354; *Agent State Prison* v. *Lathrop,* 1 Mich. 438; *State* v. *Delafield,* 8 Paige Ch. 527; *The Floyd Acceptances,* 7 Wall. 666; Story on Contracts, § 150,) or not in the manner prescribed by statute, (*Donovan* v. *Mayor,* 33 N. Y. 291; *McSpedon* v. *Mayor,* 20 How. Pr. 395; *Nash* v. *City of St. Paul,* 11 Minn. 110, (175;) *State* v. *Hastings,* 12 Wis. 664,) or contrary to the express terms of a statute, (*Wheeler* v. *Russell,* 17 Mass. 257; *State* v. *City of Buffalo,* 2 Hill. 434,) that such sale or contract is void *ab initio* and cannot be ratified. It would likewise appear that even where a contract is simply *ultra vires,* and only voidable, it can only be ratified by the authority of the body which would have had authority to have made it in the first instance. *Delafield* v. *The State,* 26 Wend. 228; *State* v. *Delafield,* 8 Paige Ch. 527; *State* v. *Bank,* 5 Ind. 354; *Marsh* v. *Fulton Co.* 10 Wall. 676.

It is therefore argued that nothing passed by the sale of the logs, and that there was consequently no consideration to support the note in question. Neither party obtained any rights by the transaction. *Cuyler* v. *Trustees,* 23 Wend. 165; *Hodges* v. *The City,* 2 Denio, 110; *Pierce* v. *M. & I. R. Co.* 21 How. 441; *Trist* v. *Child,* 21 Wall. 411. See, also, *Orton* v. *The State,* 12 Wis. 567; *State* v. *Hastings,* Id. 664; *Brady* v. *Mayor,* 20 N. Y. 312; *Clark* v. *Polk Co.* 19 Iowa, 249; *De Groot* v. *Van Duzen,* 20 Wend. 390; *Hague* v. *City of Philadelphia,* 48 Pa. St. 527; *Ins. Co.* v. *Ely,* 5 Conn. 578; *Pepper* v. *Haight,* 20 Barb. 429; *Bank* v. *Pierson, supra,* 140; *Hotchin*

v. *Kent,* 8 Mich. 526 ; Add. on Con. § 300 ; Story on Agency, § 78. See, also, as to the power of ratification, *Estey* v. *Inhabitants, etc.* 97 Mass. 324 ; *People* v. *Bank,* 24 Wend. 431 ; *Hood* v. *N. Y. & N. H. R. Co.* 22 Conn. 522 ; *Martin* v. *Zellerbach,* 38 Cal. 300.

BERRY, J. A statute of Wisconsin, approved March 3, 1869, entitled, "An act to protect the lands and timber thereon granted to the St. Croix and Lake Superior Railroad Company," authorizes the governor of said state to appoint one or more agents to preserve and protect the timber above mentioned, and makes it the duty of such agent or agents, on behalf of the state, to take possession of all logs and timber which may be cut or carried away from said lands without lawful authority, and to sell and convert the same into money, to be immediately paid into the state treasury, "provided that such sale of timber or logs so seized shall be made at public auction to the highest bidder, for cash."

The sale which the agent is authorized to make is clearly a sale for money, to be paid in hand at the time of sale, so that he can pay the same into the state treasury "*immediately.*" As the agent has no authority in the premises, save that which he derives from the act, this is equivalent to a prohibition to sell for anything but money in hand. A sale for anything but money in hand is therefore wholly unauthorized and void.

The authority of the agent being to sell for money in hand, the defendants, upon a purchase by them, were not entitled to the possession of the logs except upon paying, or at least tendering, the purchase price in money, and by reason of the same limitation upon his authority the agent had no right to deliver possession of the logs to the defendants except upon such payment or at least tender. A delivery without payment, or at least tender, was therefore wholly unauthorized and void, and conferred no right whatever in the logs upon the defendants, as against the state of Wisconsin.

One Harriman having been duly appointed agent under the

act aforesaid, seized certain logs under the provisions of *the act*, and gave notice that he would sell the same "at public auction, to the highest bidder, for cash."

The referee before whom this case was tried finds "that at the time and place mentioned in said notice said logs were offered for sale in accordance with said notice, and to secure the possession of said logs, and under protest theretofore made against his right to seize or sell the same, these defendants bid the sum of five dollars and one cent per thousand feet for 1,676,180 feet thereof, and two dollars per thousand feet for 200,000 feet thereof, and said logs were thereupon struck off and delivered into the possession of these defendants; that the note in suit was given by defendants to said * * * * Harriman for the amount so bid on said sale for said logs so cut and removed as above stated, and for no other purpose or consideration; that all the acts and doings of said Harriman in and about the premises were as the agent of the state of Wisconsin, under the act of the legislature of said state."

The note in suit was made and delivered about five months after the day of sale of the logs.

Upon this state of facts we think the referee was right in his conclusions of law, which were, in substance, that the sale was unauthorized and void; that the plaintiff was not bound by the sale, and did not thereby lose its right of property in the logs, and that the note, having no other consideration to support it than such unauthorized and void sale, is null and void, and the plaintiff is not entitled to recover thereon. As the authority of the agent to make the sale was conferred by, and mostly dependent upon, an act of the legislature—that is to say, a statutory law—and his attempted sale was void because it failed to comply with such law, the sale could be ratified and made good only by an act of the legislature.

This is so, for the reason that the sale, being authorized to be made in a particular way by statute, and therefore forbidden to be made in any other way, any attempted ratification

by anything except an act of the legislature would be an attempted ratification by a violation of law. It would be an attempt without authority of law to make that good which the law declares void.

As there is no pretence in this case that the sale attempted to be made by Harriman was ratified by any legislative action, there is no ground for claiming that the sale or note have been made good.

Judgment affirmed.

GILFILLAN, C. J., *dissenting.* I think the referee erred in his conclusion that the sale by the state's agent was a sale upon credit, and therefore unauthorized. The notice of sale was express that he would "sell all said logs at public auction to the highest bidder, for cash." As the facts are found by the referee, the agent did offer them for sale in accordance with the notice—that is, "at public auction, to the highest bidder, for cash"—and upon these terms the defendants, Torinus, Staples & Co., made their bid and it was accepted. This made a contract for the sale of the logs which bound said defendants to take them and at once pay the price. Until it was abandoned by mutual consent, or by one party for the default of the other, it was binding upon both parties. Although it might not be immediately consummated by delivery of the logs and payment of the price, the state had at once a right to tender the logs and demand the sum bid, and the said defendants the right to tender the price and demand the logs. Had the defendants refused to pay the price upon the state's demand and tender, I have no doubt that the state, holding itself ready to comply on its part by delivery of the logs, might at once have brought an action for the price. The agent had no authority to deliver, nor the defendants to receive from him the logs without payment of the price. They were, however, thus wrongfully delivered and received. This wrongful act could not release the defendants from their obligation to pay the amount of their bid, nor vitiate the already exist-

ing contract for the sale of them. The defendants certainly can derive no advantage as against the state from the wrongful delivery. It is true that the delivery did not vest in them any title as against the state to the logs, but they could, notwithstanding, have become entitled to retain them by paying the bid at any time before the state abandoned the contract to sell. It is no answer to the claim of the state for the price that defendants did not avail themselves of this right to become legally possessed of the logs, and that the state might have repudiated the wrongful delivery by its agent and repossessed itself of them.

The liability of the defendants to pay the bid was a sufficient consideration for the note, which appears from its date to have been taken for such bid some months after the sale. Although the agent's authority to take the note instead of insisting upon payment of cash may be doubted, I see no reason to doubt that the proper officers of the state, those whose duty it was to enforce its claim against defendants by action, might ratify it and make it the basis of an action instead of the original transaction. At any rate the defendants have no right to complain if they have done so.

The judgment should have been for the state for the amount of the note and interest.