# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, v. CASSIUS C. CORNER, APPELLANT.

*Set-off — not allowed in an action brought by the State*

A party sued by the State to recover for brushes and materials sold and delivered to the defendant from the State Reformatory, at Elmira, interposed by his answer a counter-claim for loss of profits alleged to have been sustained by him by reason of the discontinuance of the manufacture of brushes at the reformatory, under the provisions of chapter 21 of the Laws of 1884 prohibiting convict labor by contract in the penal institutions of the State.

*Held*, that the defendant was not entitled to set off a loss thus sustained.

*Danolds* v. *State* (89 N. Y., 36) distinguished.

APPEAL by the defendant Cassius C. Corner from a judgment of the Supreme Court, entered in the office of the clerk of the county of Chemung on the 31st day of May, 1890, in favor of the plaintiff, upon the report of a referee, who found that the plaintiff was entitled to judgment against the defendant for the sum of $10,409.63, with interest, together with costs and disbursements.

The action was brought to recover a balance of account for goods and merchandise sold and delivered by the plaintiff to the defendant at the New York State Reformatory, at Elmira.

The defendant interposed an answer alleging, among other things, that, for a period of several years prior to the 2d day of August, 1888, the defendant had been engaged in the business of manufacturing, or having manufactured for him for the public market, brushes of various kinds and descriptions at said reformatory under certain contracts or agreements made between him and the superintendent and board of managers thereof. That, relying upon such contracts and agreements made by the plaintiff with him, the defendant had entered into contracts and obligations relating to

such brushes and goods, and for the sale thereof to other parties, out
of which he would have realized a profit which he had lost by
reason of the failure of the plaintiff to carry out the contracts or
agreements which the plaintiff had entered into with said defend-
ant, which amount so lost he claimed to deduct from any claim
existing in favor of the plaintiff.

The referee found : " That the plaintiff, between July 9, 1888,
and January 21, 1889, inclusive, sold and delivered to the defend-
ants, at the New York State Reformatory at Elmira, brushes
and brush materials at and for the price and of the value of
$11,627.97. All of said materials were so sold and delivered after
August 2, 1888, and all of said brushes after that date, except
$1,262.39, in value of the same." He also found that a payment
had been made of $2,085.13, and that the defendant was indebted
in seven dollars and eighty-eight cents for moneys expended to the
use of the defendant.

As conclusions of law the referee found : First : " That the
counter-claim set up in the defendant's answer is not available to
the defendant or allowable against the State in this action or court."

In the defendant's answer it was stated that sundry orders had
been delivered to the officers of the New York State Reformatory
at Elmira, and that the same had been accepted by the superin-
tendent; that the orders had not been filled and that " the plaintiff
herein had, for a good and valuable consideration, agreed to
make, manufacture and produce for the defendant and deliver
to him a large quantity of brushes, many thousand gross in number,
and of various kinds and descriptions, which particular kinds and
descriptions this defendant is now unable to designate. That of
said orders, contracts and agreements some, on the said 2d day
of August, 1888, had been partially carried out and kept by the
said plaintiff; and a partial number of the brushes so to be
manufactured by the plaintiff and delivered to the defendant only
have been so manufactured and delivered, while other of said orders
or agreements the said plaintiffs had not even partially complied
with or carried out on the said 2d day of August, 1888, and they
had not manufactured or delivered to the defendants any of the
brushes or goods which, under such orders or agreements, they
had contracted to manufacture and deliver.   *   *   *   And

defendant further alleges that, by reason aforesaid set forth in this second answer and defense, all of which matters are herein set forth upon information and belief, he, the said defendant, has been damaged in at least the sum of $10,000 ; and such sum this defendant asks this court to set off against any sum the plaintiffs may, upon the trial of this action, show themselves entitled to by reason of the matters set forth in the said complaint ; and defendant asks that such damages as said defendant may show himself entitled to by reason of the matter set forth in this second answer and defense upon the trial of this action may be used to cancel or offset to the extent thereof the damages which the plaintiffs may, upon the trial hereof, show themselves entitled to by reason of the matters set forth in their said complaint, and that plaintiffs' said complaint be dismissed, with costs, and for such other or further relief as to the court may seem just and proper."

Defendant gave some evidence tending to establish the allegations of his answer. The case states : " Plaintiff's counsel seasonably objected to all testimony offered by defendant tending to prove the counter-claim or cause of action alleged in the answer, on the ground that such claim was not available to the defendant or allowable against the State in this action, and at the close of all the evidence duly requested the referee to so find and hold." The defendant requested the referee to find : " The defendant is entitled to recoup or counter-claim against the claim of the State and the amount due from defendant to the State in this action, the said sum of damages, or so much thereof as may be necessary." The referee refused so to find. An exception was taken to such refusal.

*Frederick Collin,* for the appellant.

*Charles F. Tabor,* attorney-general, and *Erastus F. Babcock,* for the respondent.

HARDIN, P. J. :

Appellant's answer set up new matter, and under the answer he sought to establish new and independent orders given to the plaintiff ; accepted by the plaintiff ; a failure to perform in accordance with the orders and acceptances, and by reason of the breach to be allowed such prospective profits as would have come to him in the event of a fulfillment of the orders. Such new matter constituted a counter-

claim. ( *Wilder* v. *Boynton*, 63 Barb., 547.) Assuming that such new matter constitutes a cause of action in favor of the defendant, and that equitably and justly he was entitled to recover, by reason of such new matter, damages from the State, the question here presented is, whether or no such recovery or allowance can be had in this action. If the plaintiff had not commenced this action, it is very clear and well settled by an unbroken line of authorities that the defendant could not have brought and maintained an action against the State. In seeking redress for the injuries sustained by him, if any, by reason of a breach of the terms of the orders referred to in his answer, his remedy would necessarily have been sought in a court of claims established by the State for the ascertainment of damages in such and other cases. (*The People* v. *Denison*, 59 How. Pr., 157; S. C., affirmed, 84 N. Y., 272.) Judge RAPALLO, in speaking of the counter-claim in the case just cited, says : "Another mode of redress is provided by statute in such cases, and if the defendants have any just claim against the State, they must apply for relief to the board of audit, the tribunal instituted by the State for passing upon such claims. As their claim was not triable or recoverable in this action, the judgment rendered herein does not conclude the defendants in respect thereto." In *Reeside* v. *Walker* (11 How. [U. S.], 290), it was said: "To permit a demand in set-off against the government to be proceeded on to judgment against it, would be equivalent to the permission of a suit to be prosecuted against it. And however this may be tolerated between individuals, by a species of reconvention, when demands in set-off are sought to be recovered, it could not be as against the government, except by a mere evasion, and must be as useless in the end as it would be derogatory to judicial fairness." In *O'Hara* v. *State* (112 N. Y., 154), it was said : "There is but little analogy between the position of a State in reference to the prosecution of claims against it and the condition of a citizen, subject at all times and in numerous tribunals to be brought into court and prosecuted for his liabilities. The State can be prosecuted, in a legal sense, only by its own consent, and after it has created a tribunal to hear and decide claims against it." In *Rexford* v. *State* (105 N. Y., 231), it was said: "The State can only be sued by its own consent and for liabilities which it chooses to assume (*People* v. *Dennison*, 84 N. Y.,

272, 281), and this has been expressly held where the cause of action alleged rested upon some misfeasance or nonfeasance." Appellant has called our attention to *Danolds* v. *State* (decided in this court in December, 1881, and affirmed by the Court of Appeals, 89 N. Y., 36). We find nothing in that case which sustains the contention of the appellant, it having been held in that case that after a valid contract has been entered into by the State it cannot " destroy or avoid the obligation of the contract." The case involved an inquiry into the force and validity of a contract and the measure of damages for a breach of it. These questions had been presented to the board of audit, and no question arose during the progress of that litigation akin to the one now before us. In *United States* v. *Giles and Others* (9 Cranch, 228), a somewhat similar question to the one now before us was under discussion, and in the course of the argument it was said : " This defendant could not maintain a suit against the United States. To give him the benefit of the set-off would be a violation of the prerogative of the United States." Thereupon, " the court stopped the counsel for the United States upon this point, saying they were satisfied." In the course of the opinion delivered by LIVINGSTON, J., it was said at page 237 : " If, then, in a suit against Giles himself, a claim for these credits, under existing circumstances, could not be sustained, neither can it in an action on this bond, without permitting the defendants to do *indirectly* what the marshal could not have done directly, and in this way avail themselves of what the law seems to regard as a default, or at least a negligence on the part of their principal."

Concurring, as we do, in the result reached by the learned referee, which he has fortified by an extensive opinion, citing and reviewing numerous authorities, and the learned counsel for the appellant having conceded in the argument that he has " been unable to find any New York State authorities squarely responding to the question," we may very appropriately omit further comment. We think the case was properly disposed of by the referee, and we therefore sustain his report.

The judgment must be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.