THE PEOPLE *ex rel.* Allie J. Hambel

*v.*

SAMUEL P. McCONNELL, Judge.

*Filed at Ottawa May 9, 1893.*

1. MANDAMUS—*when will be awarded.* The writ of *mandamus* is a high prerogative writ, to be awarded in the discretion of the court, and ought not to issue, in any case, unless the party applying for it shows a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, and it must be effectual as a remedy, if enforced, and it must be in the power of the party, and his duty, also, to do the act sought to be done.

2. It is well settled that in a doubtful case this writ should not be awarded. It is never awarded unless the right of the relator is clear and undeniable, and the party sought to be coerced is bound to act.

3. SAME—*to compel a judge to decide a motion for a new trial in a case where the trial judge is dead.* Where the trial judge dies pending a motion for a new trial, and another judge of the same court is called upon to decide the motion, in order to present the question of the power and duty of the latter to act, it must clearly and unequivocally appear that he has been called upon by the relator to decide the motion, and that, too, under circumstances which made it his legal duty to take jurisdiction and decide it on the merits, and that he refused to act.

4. Until this is shown, it can not be seen that a *mandamus* is necessary, or that the relator has any occasion to resort to the writ. It will be presumed, until the contrary is clearly shown, that a judicial officer will perform his duty, when placed in circumstances which require such performance, and his action will not be compelled by *mandamus* until his conduct is such as to clearly negative that presumption.

5. NEW TRIAL—*mandamus to compel judge to decide motion.* Where the judge who tried a case died before deciding a motion for a new trial, and application was made to another judge of the same court to decide the motion for a new trial, and no proof whatever was made as to what the evidence or proceedings at the trial were, nor was any offer made to supply such proof, and the latter judge declined to decide the motion, it was *held*, that as the refusal may have been for want of evidence of what took place at the trial, a *mandamus* should not be issued commanding the second judge to decide the motion.

6. In such case, an unauthenticated transcript of the stenographer's notes is not evidence upon which the judge can act, nor is the unsworn

statement of the relator's attorney that the transcript is correct. The party seeking to compel the judge to decide a motion for a new trial in a case tried before another judge, who died pending such motion, should furnish evidence of the proceedings had on the trial. If he does not, he can not maintain *mandamus* to coerce a decision of such motion.

This was an original proceeding instituted by Allie J. Hambel, against S. P. McConnell, one of the judges of the circuit court of Cook county, for a *mandamus* to compel the respondent to decide a motion for a new trial in another case tried in the circuit court by Judge Driggs, shortly before his death. The facts appear in the opinion.

Messrs. BYAM, WEINSCHENK & HIRSCHL, for the relator:

A motion for a new trial is to be ruled on by the court. (Practice act, sec. 57.) "Court" may mean "judge," when distinguished from jury, but "in its general sense it means the tribunal." *Mascal* v. *Commissioners*, 122 Ill. 623.

The power of a judge of the same court to entertain and decide on its merits a motion for a new trial, made before another judge, is sustained in the following cases, in which the new trial was denied below and the denial affirmed. *Ketcham* v. *Hill*, 42 Ind. 64; *Cowal* v. *Altschul*, 40 Ark. 173; *Railroad Co.* v. *Marseilles*, 107 Ill. 313; *Miller* v. *Anheuser*, 4 Mo. App. 436.

The power of the succeeding judge to entertain the motion on its merits has also been sustained in *Field* v. *Thornton*, Kelly, 306.

This, as well as the following cases, are stated more fully in the argument, and show not only that the succeeding judge should rule on the motion, but also that he should inform himself of the merits as best he can; for instance, by affidavits of the spectators at the trial, by reproduction of the testimony, by consent of the attorneys as to what it was. There is no difficulty on this point in the case at bar, as we offer the transcript made by the stenographer who took the

case for both sides. *Edwards* v. *James,* 13 Texas, 52; *Ott* v. *McHenry,* 2 W. Va. 73; *Golden* v. *Smith,* 2 Dak. 460; *Durkee* v. *Marshall,* 14 Vt. 559; *McKendree* v. *Sikes,* 40 Ga. 180.

The remedy is clearly by *mandamus.* We do not seek to control the respondent's discretion as to how he shall decide, —we simply ask that he shall either sustain or overrule the motion on its merits. There is no ground for appeal or writ of error,—no decision has been made.

Mr. MILFORD J. THOMPSON, for the respondent:

The defendant relies upon the authority, which is fully shown in the cases cited below, to sustain the position taken by his Honor, Judge McConnell, in refusing to pass upon the merits of the motion for a new trial in this case, to-wit: a motion for a new trial should not be overruled *pro forma.* *Wolfolk* v. *Tate,* 25 Mo. 597.

The defendant has the same right to have his motion heard and considered intelligently that he has to defend his action. *Bass* v. *Swingley,* 42 Kan. 729.

A new judge is deprived of the information gained by observing the witnesses on the stand, their conduct and demeanor while testifying, etc., which is almost as important in determining the truthfulness of their testimony as the language they use.

The trial judge has lawful authority to set aside a verdict on his own motion, whereas the new judge has no means of knowing what was in the mind of the trial judge with reference to the justice of the verdict. *United States* v. *Harding,* 1 Wall. 139, and cases cited.

To overrule the motion and enter judgment might work great injury to the defendant, whereas to grant a new trial each party has the same opportunity to prosecute and defend that they had at the former hearing. (*Bass* v. *Swingley,* 42 Kan. 729.) See, generally, the following authorities: *Wolfolk* v. *Tate,* 25 Mo. 597; *State* v. *Boogher,* 3 Mo. App. 442;

*Crocker* v. *Crocker*, 56 Mo. 180; *Ohms* v. *State*, 49 Wis. 419; *United States* v. *Harding*, 1 Wall. 139; *People ex rel.* v. *Judge Superior Court*, 41 Mich. 726; *Simonton* v. *Simonton*, 80 N. C. 7, and cases cited; *Jones* v. *Holms*, 83 id. 108; *Shelton* v. *Shelton*, 89 id. 185.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This is an original proceeding in this court for mandamus. The petition represents, in substance, that there was heretofore and is now pending in the Circuit Court of Cook county, a certain action at law, in which Allie J. Hambel is plaintiff and Charles F. Hayes is defendant, and that such proceedings were had therein, that on the 3d day of March, 1892, a trial was had before the Honorable George Driggs, one of the Judges of that court, and a jury, resulting in a verdict in favor of the plaintiff for $400; that on the 8th day of March, 1892, Hayes, the defendant, entered in the cause his motion in writing for a new trial, and that on the 18th day of March, 1892, while the motion was pending and undisposed of, Judge Driggs died; that the Honorable Samuel P. McConnell is now, and for more than a year last past has been, one of the judges of said Circuit Court; that on or about May 2, 1892, Hambel, the plaintiff, entered her motion in said court, before defendant McConnell presiding as judge of and over said court, that he should entertain, hear, consider upon its merits and decide the motion for a new trial which had been made by defendant Hayes.

The petition further represents that the plaintiff, then and there, in open court, tendered to said Judge a true, full and correct transcript of all the evidence and proceedings given, taken or had at and during the trial before Judge Driggs; that thereupon arguments were made before Judge McConnell, in open court, he then and there presiding, by the attorneys of Hambel and Hayes respectively, and upon the 3d day of June, 1892, the court, Judge McConnell presiding, denied

Hambel's motion, and refused and still refuses to either entertain, hear or consider on the merits, or decide upon the merits, the motion by Hayes for a new trial, and refuses to do any one of these matters, and asserts and alleges that he has neither power nor jurisdiction to entertain, hear, consider or decide upon its merits, the said motion; that in so doing, Judge McConnell is refusing to perform a legal and statutory duty and that it is his duty to consider the motion upon the merits, and to overrule the same, if the merits of the controversy so require.

The petition prays for a mandamus, compelling Judge McConnell, as such Circuit Court, to entertain, hear, consider upon its merits and decide the motion for a new trial, and for such other relief as the circumstances of the case may require.

Judge McConnell has appeared, but no demurrer or answer to the petition, nor other subsequent pleading has been filed. Instead of such pleading, the parties have filed a stipulation as to the facts, and have submitted the cause for decision on such stipulation, it being as follows:

"The parties hereto submit the above entitled case under the following agreed state of facts, to-wit: ·

"*First*—That prior to March 3, 1892, a case was and still is pending in the Circuit Court of Cook county, under general number 77,645, term number 3408, entitled Allie J. Hambel *v.* Charles F. Hayes.

"*Second*—That upon the 3d day of March, 1892, a trial was had in said case before a jury, resulting in a verdict against the defendant for $400.

"*Third*—That on the 8th day of March, 1892, a motion was duly entered for a new trial by the defendant Hayes, a copy of which motion is attached to the plaintiff's petition herein, and is made a part of this agreement.

"*Fourth*—While said motion was pending and before it was disposed of, Judge Driggs, who presided over the court before which the trial was had, died.

"*Fifth*—By agreement of counsel, the hearing was referred to the defendant, Judge Samuel P. McConnell, upon motion of the plaintiff asking him to hear said motion for a new trial upon its merits. Said McConnell was then and there and still is a Judge of said Circuit Court.

"*Sixth*—That at the hearing before his Honor, Judge Samuel P. McConnell, the plaintiff's attorney stated to the court that he had the minutes of the testimony and proceedings taken by the stenographer at the trial, and the transcript of which was alleged by the plaintiff to be full and true, and was by him alleged to have been taken at the trial by a stenographer at the instance of both parties, and was by him offered for the inspection of the court. The court thereupon heard the motion on the theory that a transcript of said minutes had been presented; but it is hereby expressly understood that the defendant did not agree that the minutes of such testimony were correct or true, or in any way authenticated under the rules of court making such minutes part of the record, neither did the defendant allege any error in such transcript or minutes.

"*Seventh*—After hearing the arguments of counsel, his Honor, Judge McConnell, held that he could not lawfully pass upon the motion for a new trial upon its merits in this case."

Upon the facts appearing by this stipulation, and upon those facts alone, the relator seeks the judgment of this court, awarding him a peremptory mandamus as prayed for in his petition. The writ of mandamus is a high prerogative writ, to be awarded in the discretion of the court, and ought not to issue in any case, unless the party applying for it shall show a clear legal right to have the thing sought by it done, and in the manner and by the person or body sought to be coerced, and must be effectual as a remedy if enforced, and it must be in the power of the party, and his duty also, to do the act sought to be done. It is well settled that, in a doubtful case, this writ should not be awarded. It is never awarded, unless

the right of the relator is clear and undeniable, and the party sought to be coerced is bound to act. The rule laid down in the foregoing language by Mr. Justice Breese in *People* v. *Hatch*, 33 Ill. 9, 140, has been so frequently re-affirmed and applied, that the citation of other cases is unnecessary.

The question which the relator seeks to have presented to and passed upon by this court is, as to the power and duty of Judge McConnell, one of the Judges of the Circuit Court of Cook county, to hear and decide upon its merits, a motion for a new trial, in a case tried before Judge Driggs, another judge of the same court, and which was pending and undetermined at the time Judge Driggs died. Before that question can be presented in this proceeding, it must appear clearly and unequivocally, that Judge McConnell has been called upon by the relator to decide the motion, and that too under circumstances which made it his legal duty to take jurisdiction of and decide it upon the merits, and that he refused to act. Until that is shown, it cannot be seen that a mandamus is necessary, or that the relator has any occasion to resort to the writ. In proceedings of this character, it will be presumed, until the contrary is clearly shown, that a judicial officer will perform his duty, when placed in circumstances which require such performance, and his action will not be compelled by mandamus, until his conduct is such as to clearly negative that presumption.

Recurring to the facts shown by the stipulation—and it is to those alone we can look—it will be seen that there is an entire failure to show that the motion for a new trial has ever been presented or offered to be presented to Judge McConnell in such form as to make it possible for him to decide it upon the merits, even if it should be conceded that such decision is within his jurisdiction. When the matter was before him for consideration, so far as is shown by the stipulation, no proof whatever was made as to what the evidence or proceedings at the trial were, nor was any offer made to supply such proof.

It is true the relator's attorney produced and exhibited to the Judge a document which he said was a transcript of the stenographer's notes taken at the trial, but so far as the stipulation shows, he neither produced nor offered to produce any evidence that the document was a correct transcript of the testimony and proceedings at the trial, and it is admitted that the opposite party expressly refused to concede that what purported to be the stenographer's notes was correct or true. The Judge may well have refused to decide the motion for a new trial upon the ground that there was nothing before him upon which his decision could be based. The unauthenticated transcript of the stenographer's notes was not evidence upon which the Judge could act, nor was the unsworn statement of the relator's attorney that the transcript was correct. It is by no means clear that the Judge's refusal to decide the motion was not and was not intended to be based upon the want of evidence of what took place at the trial. The stipulation is, that after hearing the arguments of counsel, he held that he could not lawfully pass upon the motion for a new trial upon its merits, but as there was no competent evidence before him as to what the merits of the motion were, it is just as fair to assume that his decision was based upon that ground, as upon the ground that he had no jurisdiction to decide a motion for a new trial in a case tried before another Judge. The want of competent evidence of the proceedings at the trial was clearly a justification of his refusal to decide the motion for a new trial on its merits.

We would not be understood as expressing any opinion whether Judge McConnell has or has not jurisdiction to decide such motion, as this case is not so presented as to call for a determination of that question. But for the reasons above stated, the writ of mandamus must be denied.

*Mandamus denied.*