STATE ex rel. EDWARD T. YOUNG v. W. A. HOLGATE.[1]

February 5, 1909.

Nos. 15,805—(23).

**Mandamus.**

Mandamus is the proper remedy by which to require a county treasurer to pay a draft properly drawn by the state auditor for taxes collected for the state.

**Action by State.**

When a state institutes suit in its own behalf, it to some extent subjects itself to the same rules which apply to ordinary suitors. If it brings an equitable action, whatever may properly affect the relief demanded may be urged against it. If the action is to recover money, the defendant may plead and prove any claims which are connected with and arise out of the same transactions; but claims and demands arising out of independent transactions are in effect suits against the state, and cannot, without the consent of the state, be asserted as a set-off or counterclaim.

**Action against County Treasurer—Set-Off.**

In mandamus proceedings by the state against a county treasurer to compel the payment to the state of the proceeds of taxes collected and in the possession of the county treasurer, the defendant cannot plead by way of set-off or counterclaim that other money formerly collected by the treasurer had been lost through the failure of certain banks in which the money had been deposited, and that notwithstanding such loss the amount had been paid to the state by the treasurer in the expectation that the loss would be made good by the banks and bondsmen. The matter sought to be asserted did not arise out of the same transaction and had no connection with the matter referred to in the mandamus proceedings.

[1] Reported in 119 N. W. 792.

On the relation of the attorney general, the state instituted mandamus proceedings in the district court for St. Louis county to compel the treasurer of that county to pay the state the unpaid balance of $117,-070.54, part of the proceeds of certain tax collections of the year 1899. The answer set up that the unpaid balance was that portion of the funds of the county belonging to the state wholly lost by the suspension, failure and bankruptcy of certain banks duly designated as depositories of public funds under the statutes. The terms of office of the attorney general and of the county treasurer having expired, their respective successors were substituted as parties to the litigation. The case was submitted to Cant and Dibell, JJ., who found for the state and ordered that a writ of mandamus issue commanding the county treasurer to pay $17,157.54 to the state treasurer. From a judgment entered pursuant to the order, defendant appealed. Affirmed.

*John H. Norton,* County Attorney, and *William J. Stevenson,* for appellant.

*Edward T. Young,* Attorney General, and *C. S. Jelley,* Assistant Attorney General, for the State.

ELLIOTT. J.

The state, on the relation of the attorney general, commenced mandamus proceedings to compel the treasurer of St. Louis county to pay to the state the proceeds of certain tax collections. The appeal is from a judgment in favor of the state.

At the time of the regular quarterly settlement in August, 1899, St. Louis county had on hand moneys collected for the state since the last previous settlement in the sum of $117,070.54. On August 31, 1899, the state auditor drew a draft on the county treasurer for said sum. The treasurer paid the amount of this draft, less the sum of $17,154.74, which sum he refused to pay because moneys theretofore collected for the state between 1890 and 1899, exceeding the said sum of $17,-157.74, had been lost through the failures of the regularly designated county depositories, but which, notwithstanding such loss, had been paid by the county to the state in the expectation that the loss would be made good by the depositories and their bondsmen. He claimed the right to set off the amount of the lost moneys against the moneys

due on the quarterly settlement. In this proceeding it was sought to compel the county treasurer to pay said sum of $17,157.74 to the state.

1. Mandamus is the proper remedy by which to compel the performance of an act which the law enjoins as a duty resulting from an office (State v. Ames, 31 Minn. 440, 18 N. W. 277; Mechem, Offices & Officers, § 964), and it will lie against a county treasurer to require him to pay warrants properly drawn for the payment of debts and dividends against the county (State v. Staley, 38 Oh. St. 259). This draft was properly drawn, and the proceedings were properly instituted, and were not affected by the change of treasurers. "It is no objection to the issuing of a mandamus against a public officer that the respondent's predecessor in office, and not the respondent, was the one who failed in the performance of the duty complained of." 13 Enc. Pl. & Pr. 663; People v. McConnell, 146 Ill. 532, 34 N. E. 945; People v. Comptroller, 77 N. Y. 45; In re Parker, 131 U. S. 221, 9 Sup. Ct. 708, 33 L. Ed. 123.

2. We cannot in this proceeding determine whether the loss of the money must fall upon the state or the county. The state cannot be sued without its own consent, and the assertion of this claim as a set-off or counterclaim is in effect a suit against the state. When the state institutes a suit in its own behalf, it to a certain extent subjects itself to the same rules which apply to ordinary suitors in its courts. When it institutes an equitable action, whatever may properly affect the relief demanded may be urged against it, and in an action brought by it to recover money the defendant may in defense assert any claims which are connected with and arise out of the same transaction; that is, in such an action the defendant is "entitled to plead and prove any and all matters properly defensive, including credits and set-offs, so far as the latter are dependent on, connected with or grow out of the transaction which constituted the subject matter of the suit." As said in Port Royal & A. Y. Ry. Co. v. State, (C. C.) 60 Fed. 552: "Of course, she is only bound quoad the matter submitted by her in her suit." Moore v. Tate, 87 Tenn. 725, 11 S. W. 935, 10 Am. St. 712; Com. v. Todd, 72 Ky. 708; Com. v. Owensboro, 81 Ky. 572; State v. Portsmouth, 106 Ind. 435, 7 N. E. 379. But all claims and demands arising out of independent transactions are considered as suits against the state. Auditor v. Board, 106 Mich. 662, 64 N. W.

570; Aplin v. Board, 73 Mich. 182, 41 N. W. 223, 16 Am. St. 576; Aplin v. Board, 74 Mich. 536, 42 N. W. 143; Raymond v. State, 54 Miss. 562, 28 Am. 382; State v. Baltimore, 34 Md. 344; Battle v. Thompson, 65 N. C. 406; People v. Corner, 59 Hun, 299, 12 N. Y. Supp. 936, affirmed 128 N. Y. 640, 29 N. E. 147; Chevallier v. State, 10 Tex. 315; Com. v. Matlack, 4 Dall. (Pa.) 303, 1 L. Ed. 843; Treasurers v. Cleary, 3 Rich. Law (S. C.) 372; People v. Miles, 56 Cal. 401.

The claim which the county is seeking to assert against the state in this proceeding did not arise out of, and is in no way connected with, the claim made by the state against the county. The matters have no relation to each other. The state's right to the taxes which have been collected, is conceded, and it has, by bringing this action, not consented to submit any other controversy to litigation.

The writ was properly issued, and the judgment is affirmed.