STATE v. CHARLES SCHURZ AND ANOTHER.[1]

July 3, 1919.

No. 21,338.

**Bills and notes — striking out answer — judgment on pleadings.**

In an action by the state to recover upon a promissory note given for binding twine under a contract executed pursuant to G. S. 1913, § 9313, *held*, that the court below erred in striking from the answer allegations of a modification of the contract pursuant to which the note was given, and for judgment upon the pleadings as asked for in the complaint.

Action in the district court for Lyon county to recover $8,800 on a promissory note. The facts are stated in the opinion. Plaintiff's motion to strike out from defendant's answer the allegations quoted at the beginning of the opinion, and for judgment on the pleadings, was granted, Clague, J. From the order striking out that portion of the answer and granting judgment on the pleadings, defendants appealed. Reversed.

*Seward & Molle*, for appellants.

*Clifford L. Hilton*, Attorney General, and *John E. Palmer*, Assistant Attorney General, for respondent.

QUINN, J.

During the years 1917 and 1918, the defendant Charles Schurz was engaged in the implement business at Amiret, this state, during which time he handled farm machinery and binding twine manufactured at the state prison. In October, 1917, he entered into a contract with the warden of the prison to purchase 40,000 pounds of binding twine for the season of 1918, and to pay cash or give a satisfactory note therefor due November 1, 1918, without interest, prior to the shipping of the twine. On May 2, 1918, defendants executed their joint promissory note therefor, payable to C. S. Reed as warden, in the sum of $8,800. On the first of June, 1918, a carload of twine was shipped from the prison to Charles Schurz pursuant to contract. At that time Thomas

1Reported in 173 N. W. 408.

Hunting was in the employ of the plaintiff in the handling of its output of twine and implements. Upon the arrival of the car of twine at Amiret, Hunting was there. Schurz removed 20,000 pounds of twine from the car and permitted Hunting to ship the balance to Wilder, Minnesota, where he sold it to Malchow Brothers, receiving therefor a draft payable to himself for $3,355, which he appropriated to his own use.

In the answer the defendants admit the giving of the note as alleged in the complaint, and as an affirmative defense thereto allege:

"That shortly after the first day of June, 1918, and after the said twine had arrived in car at said Amiret, Minnesota, and before the said twine was removed from said car, this plaintiff, by and through its duly authorized agent, Thomas Hunting, represented and stated to the said Charles Schurz that there was a considerable shortage of twine for the said season of 1918, and that the output of twine by this plaintiff was insufficient to supply the dealers and farmers of the state of Minnesota for said season of 1918, and that on account thereof it was the desire of this plaintiff that the said Charles Schurz should reduce the amount of his said order under said contract to twenty thousand pounds instead of forty thousand pounds, and allow plaintiff to reship the extra twenty thousand pounds to other dealers and farmers, and in consideration of the said Charles Schurz so reducing his said order under said contract from forty thousand pounds to twenty thousand pounds, and allowing plaintiff to so reship the said extra twenty thousand pounds of said twine, this plaintiff, by its said duly authorized agent, then and there promised and agreed to credit these defendants as payment upon said promissory note, the amount of the fixed or contract price for the twine so reshipped.

"That thereupon, induced by said statements and representations and relying upon said promise and agreement, the said Charles Schurz consented to the reduction of his said order under said contract from the said forty thousand pounds to the said twenty thousand pounds, and to the reshipment by plaintiff to other dealers and farmers of the said extra twenty thousand pounds of said twine. That thereupon, and before the said twine was removed from the said car, plaintiff, by its said duly authorized agent, Thomas Hunting, then and there took over from the defendant Charles Schurz, the said extra twenty thousand pounds of

said twine, and assumed complete possession and ownership thereof and shipped the same to other dealers and farmers. That it has been the custom of the agents of this plaintiff, during many years last past, and especially during the years 1917 and 1918, to take and receive twine and farm implements from one dealer and reship the same to dealers and farmers in other territory, the better to accommodate the dealers and farmers of Minnesota, crediting or paying to the dealers from whom the same was taken the fixed or contract price of the twine or farm implements so taken; and such custom was with the full knowledge, consent and approval of this plaintiff. That the twine so taken from the said Charles Schurz and reshipped, as aforesaid, at the fixed or contract price thereof, was of the value of thirty-three hundred fifty-five dollars; and that by plaintiff's so taking and reshipping said twenty thousand pounds of said twine there was paid and should be credited upon said note as payment thereon, the full sum of thirty-three hundred fifty-five dollars, and the consideration for said note has thereby failed to the extent of the said sum of thirty-three hundred fifty-five dollars."

Plaintiff moved to strike from defendants' answer all affirmative matter above set forth upon the ground that the same is irrelevant, redundant and constitutes neither a defense nor counterclaim in said action, and for judgment on the pleadings as asked for in the complaint. The motion was in all things granted. The sole question presented for determination is, whether the answer, upon its face, stated a defense to the cause of action set forth in the complaint. The motion was submitted upon the complaint, answer, the files and records in the case and certain affidavits.

This action is based upon a promissory note given for binding twine under a contract executed pursuant to the provisions of G. S. 1913, § 9313.

The controversy arises from an alleged modification of the contract pursuant to which the note sued upon was given. Such a modification of the contract, if made as alleged, constitutes a good defense to the note, to the extent of the twine so reshipped. It is well settled that, in an action by the state for the recovery of money, the defendant may in defense assert any claims which are connected with and arise out of

the transaction sued upon. State v. Holgate, 107 Minn. 71, 119 N. W. 792.

The statute regulating the handling of twine manufactured in the prison, provides that the same shall be sold to actual consumers in quantities needed for their use, and to dealers within the state, under such rules and regulations as may be provided by the board of control, for cash or security, approved by the warden. It also provides that the state shall retain a contingent interest in twine so sold, and if any dealer shall violate his agreement, the board may declare such twine forfeited to the state and retake possession thereof. But we find no provision anywhere in the statute which prevents the board or the warden, with the consent of the dealer, from modifying a contract as to the amount of twine which may be delivered thereunder.

If, as alleged in the answer, the plaintiff received through its duly authorized agent 20,000 pounds of the twine so shipped before it was removed from the car, and reshipped the same to another dealer, and such agent received payment therefor, we can see no good reason why the defendant should not have credit on his note for the amount of such twine. That is just what the answer charges that the plaintiff did. There is no allegation in the answer, as contended for on the part of the state, that the defendant either resold in bulk or reshipped the 20,000 pounds in question. Nor should the authority of Hunting under his employment be litigated and determined upon affidavits on a motion of this character. The question of the authority of plaintiff's agent may become an issue for determination upon the trial, but the question here presented is one of pleading. A motion for judgment on the pleadings is in the nature of a demurrer and admits the facts well pleaded. Dunnell, Minn. Pl. § 463. We think the learned trial court erred in striking the allegations herein set forth from the answer, and in ordering judgment for the plaintiff.

Reversed.