## STATE v. CHARLES BUCHOLZ.[1]

November 26, 1926.

Nos. 25,588, 25,592.

**When maker of seed grain note may recoup damages for fraud of state's representative.**

In an action by the state to recover on a seed grain note, the defendant is not prevented from asserting that the sale was induced by fraudulent representations of the state's representative, and he may recoup any damages suffered as a result of the misrepresentations.

States, 36 Cyc. p. 881 n. 13; p. 908 n. 4.

See note in 33 L. R. A. (N. S.) 376; 24 R. C. L. 811; 6 R. C. L. Supp. 1438.

The state of Minnesota appealed from an order of the district court for Marshall county, Grindeland, J., overruling its demurrer to the answer. Affirmed.

*Clifford L. Hilton,* Attorney General, and *William H. Lamson,* Secretary Executive Council, for appellant.

*A. N. Eckstrom,* for respondent.

STONE, J.

Action by the state against the maker of a promissory note for the price of seed wheat furnished him in the spring of 1920, by the State Board of Relief, acting, so we are informed, pursuant to chap. 35, p. 53, L. 1919 (Ex. Sess.). The note recited the purchase of the seed by defendant and that it was without warranty, express or implied. Defendant by answer averred that his purchase of the grain was induced by false and fraudulent representations that it was free from foul seeds, and that the grain in fact contained so much of quack grass and other noxious seeds that it was worthless. That being the only defense, the state sought to test its validity

[1]Reported in 210 N. W. 1006.

by a general demurrer to the answer. From the order overruling the same the state appeals.

It is argued that the state is not liable for the torts of its officers or agents in the discharge of their official duties unless it has voluntarily assumed and consented to such liability, 36 Cyc. 881; Lane v. Minn. State Ag. Soc. 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708; Claussen v. City of Luverne, 103 Minn. 491, 115 N. W. 643, 15 L. R. A. (N. S.) 698, 14 Ann. Cas. 673. That proposition is undeniable law but in our judgment does not apply to this case. Defendant does not seek affirmative relief on account of the alleged wrong done him by representatives of the state. His defense is not at all in the nature of a counterclaim which is affirmative in nature and implies an independent cause of action. All he seeks to do is to recoup his damages.

The legislature in providing for sales of property by the state may declare that they shall be subject to the doctrine of caveat emptor. It may put all the hazard, even of flagrant misrepresentation, on the buyer, but in this case it has not done so. In the absence of some such special restriction, it is the rule that, when the state becomes a litigant against an individual, it cannot deny its adversary any defense which would be open to him were his opponent another citizen instead of the state itself. Defendant is attempting nothing more than mere defense. The state is suing on a simple contract, an obligation in its favor contractually assumed by defendant. The main element of the contract-making process is the mutual assent of the parties. If there be fraud, or even misrepresentation without fraud, which induces such assent by one, the assent so induced is not genuine but spurious. So it follows that the one deceived may avoid the contract because his assent was so induced. His avoidance may be by rescission or without rescission; he may await suit against himself and then recoup his damages. The presence of the state as a contracting party does not change the substantive law of the situation. It does affect the remedy to the extent that no independent cause of action can be asserted against it, even by counterclaim, without its consent.

When the state sues to recover money "the defendant may in defense assert any claims which are connected with and arise out of the same transaction; that is, in such an action the defendant is 'entitled to plead and prove any ánd all matters properly defensive, including credits and set-offs, so far as the latter are dependent on, connected with or grow out of, the transaction which constituted the subject matter of the suit.' " State ex rel. Young v. Holgate, 107 Minn. 71, 119 N. W. 792. See also State v. Schurz, 143 Minn. 218, 173 N. W. 408.

Moffat v. U. S. 112 U. S. 24, 5 Sup. Ct. 10, 28 L. ed. 623, doesn't touch the present issue. That was a case where the government sued to cancel land patents because of the corrupt conduct of the officers who issued them. The unique defense was interposed that because the frauds charged were committed by officers of the government the latter was bound by them. The statement of the proposition was enough to demolish it.

We agree with People v. Corner, 59 Hun, 299, 12 N. Y. Supp. 936, and People v. Greylock Const. Co. 213 App. Div. 21, 209 N. Y. Supp. 735, that in an action by the state there cannot be a counterclaim, in the accurate sense of the term, that is, the defendant cannot interpose an independent cause of action against the state. James Stewart & Co. v. State, 121 Misc. 827, 201 N. Y. Supp. 334, is not much in point for it did not involve an action by the state against an individual, but rather a claim against the state asserted under a local statute providing therefor. It was said that an action founded in tort could not be maintained against the state; that the state cannot be guilty of fraud and that where state officials make false representations to a contractor the latter can have redress for the fraud only against the officials personally. That argument leads to this conclusion: "No damages in this case, therefore, for fraud, nor of a punitive nature, can be awarded against the state." With that conclusion there can be no disagreement, but it certainly was not intended by anything in the opinion to hold that if the contractor (there the claimant), had been the defendant in an ordinary suit wherein the state sought to recover from him on the contract or for

a breach of it, he could not have recouped his own damages resulting from the misrepresentations by the state officials. Recoupment is one thing and counterclaim and set-off both something substantially different. Imperial Elev. Co. v. Hartford Acc. & Ind. Co. 163 Minn. 481, 204 N. W. 531, 42 A. L. R. 559. The distinction, as it affects defenses to actions by a state, is made and well considered in State v. Arkansas Brick & Mnfg. Co. 98 Ark. 125, 135 S. W. 843. There the state sued to recover on contract for the services of leased convicts. It was held that the defendant could recoup to the full amount of the state's claim his damages for failure to furnish the number of convicts called for by the contract. That case is reported in 33 L. R. A. (N. S.) 376, accompanied by a note on the "right of set-off, counterclaim, or recoupment in action by state." In the instant case recoupment is all that has been attempted and we think that the demurrer to the answer was properly overruled.

Order affirmed.