## STATE v. NELS SATRE.[1]

September 30, 1927.

No. 26,171.

**Statute did not authorize state board of relief to take seed grain note.**

1. Chapter 35, Ex. Sess. L. 1919, does not authorize the state board of relief to take a note for seed grain furnished by the state to a farmer, without such grain or means to procure it, because of the excessive floods which occurred in Marshall county in the year 1919.

**Defendant not estopped from denying his liability.**

2. By receiving seed grain so furnished and by giving his note therefor, the defendant did not become estopped from denying liability on the note.

Agriculture, 2 C. J. p. 989 n. 19, 20.

Action in the district court for Marshall county to recover on a seed grain note given by defendant for seed grain furnished him by the state board of relief pursuant to Ex. Sess. L. 1919, c. 35. The state appealed from an order, Grindeland, J., sustaining a demurrer to its complaint. Affirmed.

[1] Reported in 215 N. W. 510.

*Clifford L. Hilton,* Attorney General, and *William H. Lamson,* Special Assistant Attorney General, for the state.

*A. N. Eckstrom,* for respondent.

LEES, C.

[1] .Chapter 35, p. 53, Ex. Sess. L. 1919, creates a state board of relief, defines the powers and duties of the board, and appropriates money to provide funds to be used for relief in emergencies caused by storms, floods, fires or other great calamities. Section 2 of the act authorizes the board to take any measures necessary to grant relief or temporary assistance to communities stricken by disease, flood, storm or fire.

The complaint alleges that in May, 1920, the defendant gave his promissory note to the state of Minnesota for seed grain purchased from the state; that the seed was furnished by the state board of relief pursuant to the provisions of c. 35 in extending relief to a large community in Marshall and adjoining counties stricken by excessive floods; that defendant was a member of the community and was without seed grain or the means of procuring it for the crop season of 1920. A general demurrer was sustained, and the state has appealed and contends, first, that the board had authority to sell seed grain and take notes for the purchase price; and second, that if the board did not have such authority, defendant is estopped from asserting the want thereof as a defense.

The argument in support of the first contention is based largely on the words "to take any measures necessary" contained in § 2 of the act.

It is conceded that the usual method of extending public relief is to make a gift outright, but it is said that extending credit is one method of affording relief. Section 10 of art. 9 of the state constitution provides that the credit of the state shall never be given or loaned in the aid of any individual except for the purpose of developing the agricultural resources of the state by loaning money on real estate security. In Wm. Deering & Co. v. Peterson, 75 Minn. 118, 77 N. W. 568, an act of the legislature appropriating money for seed grain loans to farmers whose crops were destroyed

by hail was held to be unconstitutional on the ground that public money was appropriated for a private purpose.

Chapter 35 does not expressly authorize the state board of relief to sell seed grain to farmers in distress, neither is authority conferred by implication. Fairly construed, the context of the section in which the phrase "to take any measures necessary" is found does not authorize the extension of credit to the persons to whom relief is given. Moreover, such a construction would render the act of doubtful validity, and it is familiar law that, if possible, a court should always avoid a construction of a legislative act which might make the act unconstitutional.

Commenting on the Peterson case in his dissenting opinion in City of Fergus Falls v. Fergus Falls Hotel Co. 80 Minn. 165, 176, 83 N. W. 54, 81 A. S. R. 249, the late Chief Justice Brown said:

"In that case it appears that the legislature had authorized the loan of seed grain to farmers who had lost their crops by hail, and the contract involved was made and entered into in accordance with the requirements and commands of the statutes, and not, as in this case, in violation thereof."

The observation is in point here, for in taking defendant's note the state did not act in accordance with the provisions of c. 35, but in disregard of the evident purpose of the legislature.

In Wisconsin v. Torinus, 24 Minn. 332, it was held that a promissory note to a state, having no other consideration to support it than an unauthorized and void sale of property of the state, made by an agent of the state, is null and void.

State v. Bucholz, 169 Minn. 226, 210 N. W. 1006, has not been overlooked. There but one question was presented and decided, viz. that in an action to recover on a seed grain note the defendant may assert that he was induced to purchase the grain by fraudulent representations of the state's representative and may recoup damages resulting from the misrepresentations. There was no suggestion in that case of lack of authority on the part of the state to take a note for the grain.

[2]. We think the second contention cannot be sustained. In the Peterson case the court applied the rule that when a person dealing with a corporation has received the consideration for the contract he is estopped to assert that the contract is ultra vires. In the present case we have an act which makes no provision for contracts between the state and the persons to whom relief is extended. The purpose of the legislature was to make gifts of seed grain to farmers who resided in that portion of the state in which disastrous floods had occurred. It was not intended that they should pay for the grain; hence the board had no authority to take notes for grain so furnished. When the board determined that a farmer was so situated that he was entitled to relief and furnished him with seed grain, he received nothing for which in equity and good conscience he ought to pay. The state has suffered no loss or injury, and there is no room for the application of the doctrine of estoppel.

Order affirmed.