**UNITED STATES v. MOSCOW SEED CO., Inc., et al.**

No. 1291.

District Court, D. Idaho, C. D.
March 26, 1936.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho, for plaintiff.

Hamblen, Gilbert & Brooke, of Spokane, Wash., for defendants.

CAVANAH, District Judge.

The United States brings this action against the defendants for damages alleged to have occurred to an automobile owned by it, by reason of the negligence of the defendants. Answer was filed by the defendants denying any negligence on their part and pleading further as a defense that the accident was caused by the negligence and carelessness of the employee of the United States when in not complying with the laws of the state relative to the operation of an automobile upon the public highways. This defense set forth in the answer is demurred to by the United States and the question is urged by it that such defense is not available as against the United States for the reason that the United States in its sovereign capacity is not responsible for negligence of its agents, and, if so, it cannot be subject to loss due to the contributory negligence of such agent.

Of course, it is the general rule that neither the United States nor a state is answerable in damages to individuals for an injury resulting through misconduct or negligence or tortious acts of their agents, but is that rule applicable here, where a defense is merely made in an action where the United States voluntarily brings suit in which it is asserted in the answer that the agent of the United States was negligent at the time of the accident which was the proximate cause of the damages. I think not. This is not an action brought by one against the United States in which a liability for damages is sought to be based upon the negligence of an agent of the United States. The question here is nothing more than a defense against the right of the United States to recover. No cross-complaint is filed seeking to recover damages against the United States as the defendants by affirmatively alleging that the proximate cause of the damage to the government car was the negligence of the government's agent when operating the car at the time of the accident. It is, in effect, denying negligence on their part. The distinction between the two thoughts urged by the parties is apparent when the complaint and affirmative defense and the authorities are analyzed, for as said by the Supreme Court of Minnesota in the case of State v. Bucholz, 169 Minn. 226, 210 N.W. 1006: "When the state becomes a litigant against an individual, it cannot deny its adversary any defense which would be open to him were his opponent another citizen instead of the state itself. Defendant is attempting nothing more than mere defense." Also this rule is clearly stated in the case of Anderson, Clayton & Co. v. State ex rel. Allred, 122 Tex. 530, 62 S.W.(2d) 107: "But the authorities sustain the further rule that, where a state voluntarily files a suit and submits its rights for judicial determination, it will be bound thereby, and the defense will be entitled to plead and prove all matters properly defensive."

It would seem that the Supreme Court of the United States has settled this question in the case of United States v. Norwegian Barque Thekla, 266 U.S. 328, 45 S.Ct. 112, 113, 69 L.Ed. 313, where it is said: "When the United States comes into Court to assert a claim it so far takes the position of a private suitor as to agree by implication that justice may be done with regard to the subject matter. The absence of legal liability in a case where but for its sovereignty it would be liable does not destroy the justice of the claim against it. When the question concerns what would be paramount claims against a vessel libeled by the United States were the vessel in other hands, the moral right of the claimant is recognized. * * * The reasons that have prevailed against creating a government liability in tort do not apply to a case like this, and on the other hand the reasons are strong for not obstructing the application of natural justice against the Government by technical formulas when justice can be done without endangering any public interest." The case last cited was one growing out of a collision of two ships. The United States became a party by virtue of its claim to a charter and possession of the Luckenback through its United States Shipping Board Emergency Fleet Corporation. The contention was made by the United States that the District Court was without power to render a decree against it because the collision inflicted no legal wrong upon the "Thekla," the other ship. The court held that the District Court had power to enter decree. There is no dis-

tinction between an admiralty case and one at law when we come to consider the principle above announced by the Supreme Court. This decision would seem to be decisive of the question we have here.

The demurrer of the United States to the affirmative defense of the defendant is overruled.