## DANIEL COTE *vs.* CITY OF BIDDEFORD.

### York.    Opinion July 15, 1902.

*Office—Abandonment of.    City Marshal.    Removal.    Biddeford Police Board.
New Trial.    Spec. Laws 1893, c. 625.*

A verdict in plaintiff's favor for the salary of an office, in the absence of contractual relation, cannot be upheld, when, from the circumstances and plaintiff's conduct, it appears that he had abandoned and relinquished the office and its emoluments, to the extent of acquiescing in his removal and failing, for years, to make any pretense to be longer its incumbent or entitled to the salary, although not admitting the legality of his removal.

Nearly seven years after his attempted removal from the office of city marshal of Biddeford, by the police board of that city, and nearly a year after the filing of his voluntary petition in bankruptcy, in which he made no mention of any claim against the city,—the plaintiff, claiming that the action of the board to remove him was ineffectual, brought suit to recover the salary for the period subsequent to filing the petition.

The following facts appeared:

From the time that notice was given to plaintiff of his removal, he never performed, nor attempted to perform any duties of the office.

He engaged in other occupations during all the years intervening between the attempted removal and the commencement of suit.

He never made any claim or demand for compensation, thus allowing the earlier part of his claim to be barred by the statute of limitations.

He made no objection or protest to a performance of the duties of the office or the drawing of the salary by the person appointed as his successor.

He never commenced legal proceedings of any kind, except this suit, to either test the title to the office or the action of the board.

*Held;* that it was the duty of plaintiff to seek to be reinstated in his office by formal demand, and, if necessary, by appropriate legal proceedings; and, not having done so, under the circumstances, he cannot maintain an action for the salary.

See *Andrews* v. *Biddeford*, 94 Maine, 68.

Motion by defendant.    New trial granted.

Assumpsit for the salary of the office of city marshal of Biddeford, from January 24, 1899, the day after plaintiff filed a voluntary petition in bankruptcy, to the date of the writ, being 422 days at $2 per day.

The plea was the general issue with the following brief statement:

"If the plaintiff ever had a valid cause of action as he alleges, it has long since been lost by his abandonment of the office upon which his alleged claim is founded."

The facts appear in the opinion.

*Enoch Foster; G. F. and Leroy Haley; R. B. Seidel*, for plaintiff.

Among other things counsel argued : "When a question of fact is expressly submitted to a jury on conflicting evidence, their verdict, in the absence of prejudice shown, will not be set aside, if it is founded on evidence in its support, though the preponderance is against it." *Gregor* v. *Cady*, 82 Maine, 131.

*N. and H. B. Cleaves, and C. S. Perry; Frank W. Hovey*, city solicitor; *B. F. Cleaves, H. T. Waterhouse and G. L. Emery*, for defendant.

SITTING :  WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEA-BODY, JJ.

WISWELL, C. J.   On March 27, 1893, the plaintiff was duly elected city marshal of the city of Biddeford for the municipal years of 1893 and 1894, by the city council of that city, and upon the same day he qualified by taking the oath of office.   On the next day an act of the legislature providing for the establishment of a board of police of the city of Biddeford, chap. 625, special laws of 1893, went into effect.   This police board was given authority by the act, "to appoint, establish and organize the police force of said city, including the marshal and deputy marshal, and to remove the same for cause and make all the needful rules and regulations for its government, control and efficiency."   It was provided by the act that the members of the police force in office when the members of the board of police were first appointed, should continue to hold their offices until removed by the board.

This police board organized just prior to July 1, 1893, and upon that day entered upon the performance of the duties for which it was established.   One of its first acts was to attempt to remove the

plaintiff from the office of city marshal and to elect one Charles B. Harmon as his successor in that office without making any charges against the plaintiff, or assigning any cause for his removal or giving him any notice of their proposed action. Two days later, on July 3, the board gave notice to the plaintiff of his removal and of the election of his successor.

Nearly seven years later, on March 22, 1900, the plaintiff, claiming that the action of the police board in attempting to remove him from office was ineffectual, and that he had continued to hold the office of city marshal from the time of his election in 1893 up to the date of his writ in 1900, commenced this action to recover the salary of the office from January 24, 1899, to the date of his writ. The reason why the account sued did not commence back of the date named, being undoubtedly, that on January 23, 1899, the plaintiff filed his voluntary petition in bankruptcy. At nisi prius the trial resulted in a verdict for the plaintiff for the amount claimed, and the case comes here upon the defendant's motion for a new trial.

It is undoubtedly true that the action of the police board in attempting to remove the plaintiff and to elect a successor in the office was unauthorized and void. The plaintiff had been elected to the office just prior to the time when the act creating the board of police went into effect and he could only be removed for cause. *Andrews* v. *Police Board of Biddeford*, 94 Maine, 68. But it does not by any means follow, from the fact that the plaintiff was city marshal in 1893, and that the attempt to remove him from that office on July 1, of that year, was ineffectual, that he continued to hold the office for the period embraced in his account sued, and during all the intervening years.

In fact, notwithstanding the verdict of the jury in his favor, we are entirely satisfied from all of the circumstances of the case, and especially from the plaintiff's conduct for years prior to the commencement of the account sued, that long before that time he had voluntarily relinquished and abandoned the office and all claims to its emoluments; that although he did not admit the legality of his removal or the power of the board to make a removal in that way, he for years before the commencement of the account sued had

acquiesced in the result of the action of the police board, and had made no pretense to be longer an incumbent of the office or entitled to the salary attached thereto.

It would not be profitable to here make an analysis of the testimony or to refer at any considerable length to the facts which force us to this conclusion. It is sufficient to refer to the following as some of the salient features of the case. From the time that notice was given to the plaintiff of his removal from office, he never performed nor attempted to perform any of the duties of the office. He engaged in other occupations during all of the years that intervened between the attempted removal and the commencement of this suit. He never made any claim or demand for compensation, thus allowing the earlier part of his claim therefor to be barred by the statute of limitations. He made no objection or protest to a performance of the duties of office by the person appointed as his successor nor to his regularly drawing the salary attached to the office. When, on January 23, 1899, he filed his petition in bankruptcy, he did not include in the schedule of his assets any indebtedness due him from the city of Biddeford, although, if the position now taken by him is true, the city at that time was indebted to him for salary to an amount of over \$3000, too large a sum to be inadvertently omitted ; the attempted explanation of this omission is unsatisfactory.

But stronger than all of these circumstances is the fact, we think, that from July, 1893, until the commencement of this action on March 23, 1900, he never commenced any legal proceedings of any kind to test the title to his office or the legality of the action of the police board. It is true that at first he thought of commencing proceedings for the purpose of ascertaining his rights and employed counsel with this purpose in view, but such proceedings were never commenced, and within a comparatively short time all idea of commencing them was abandoned.

A portion of the language of the opinion of the court in the case of *Phillips* v. *Boston*, 150 Mass. 491, very similar to this, is so applicable that we quote therefrom : "If, having it in his power to reinstate himself, or be reinstated by proper proceedings, in an office from which he has been wrongfully but actually removed,

and he makes no effort to that end, but submits for a long term of years to the removal, the inference is inevitable that he waives his right thereto during that period." Again: "If his removal was unlawful, it was in his power to bring up the proceedings of the board by petition for certiorari, by which its action could have been quashed and the petitioner afterwards restored by a mandamus to his public office. It was his duty to initiate this promptly, and not to wait, and seek, after ten years of apparent acquiesence, to maintain that during all this time he was of right entitled to a public office in which he made no effort to be reinstated, and the duties of which he did not attempt to perform. It was especially the duty of the plaintiff to seek to be reinstated in his office by formal demand, and, if necessary, by appropriate legal proceedings, in view of the peculiar relation in which he stood to the defendant, of which he now seeks to avail himself." The court going on to explain that the plaintiff, as the plaintiff in this case, had no contractual relation with the defendant city, but was a state officer appointed to preserve its peace and to execute its laws as well as the ordinances of the city.

It is impossible for us to believe that this plaintiff, who for nearly seven years remained in apparent acquiesence with the result of the action of the police board, who saw another perform the duties of the office and regularly draw its salary, without objection or protest on his part, who made no demand during all of this time for the salary attached to his office of $2 per day, until the earlier portion of it even became barred by the statute of limitations, who omitted an indebtedness of over $3000, if his position is true, from his bankruptcy schedule, and who never commenced legal proceedings of any kind during all of these years, claimed during all of this period to be an incumbent of the office and to be entitled to its emoluments. Upon the other hand, we are forced to the conclusion that the position now taken by him is the result of an afterthought, attributable, perhaps, to the announcement, on February 17, 1900, one month about before the commencement of this suit, of the decision in the case of *Andrews* v. *Police Board of Bidde-*

*ford,* supra, where a similar action of that police board was held by this court to have been illegal.

In coming to this conclusion we do not forget the fact that the case has already been submitted to a jury and that the trial resulted in a verdict in the plaintiff's favor ; nor do we fail to give the plaintiff the full benefit of that verdict in the consideration of the question as to whether or not a new trial should be granted. But the conclusion reached by us seems so inevitable and irresistible that we are satisfied that the verdict was wrong and should be set aside.

*Motion sustained. New trial granted.*