[Civ. No. 2052. Second Appellate District.—June 28, 1916.]

## W. A. HAMMEL, Appellant, v. JOHN FRANCIS NEYLAN et al., etc., Respondents.

PUBLIC OFFICERS—SERVICES OF SHERIFF IN CONVEYING PRISONERS—UNWARRANTED DISALLOWANCE OF CLAIM BY BOARD OF CONTROL—OVERCHARGE FOR PREVIOUS SERVICES.—The State Board of Control is without power to refuse to allow the claim of the sheriff of a county for services rendered and expenses necessarily incurred in conveying persons adjudged by the superior court to be committed to state prisons and other state institutions, on the ground that such official was indebted to the state in a certain amount for similar services rendered in previous years which he had received and which was in excess of that to which he was justly and legally entitled.

ID.—SERVICES IN CONVEYING PERSONS TO STATE INSTITUTIONS—ALLOWANCE OF CLAIM BY STATE BOARD OF CONTROL.—Under the provisions of section 4290 of the Political Code, the sheriff of a county is entitled to receive and retain for his own use the sum of five dollars *per diem* for conveying prisoners to and from the state prisons, and for conveying persons to and from insane asylums, together with all expenses necessarily incurred therewith, subject only to the condition that his claim therefor is properly presented to the State Board of Control, as provided by section 663 of the Political Code, for its scrutiny, which scrutiny and examination is limited by such provision to an inquiry as to whether such officer has ren-

dered the services set forth in his claim and whether the amount claimed for expenses was necessarily incurred in the performance thereof.

ID.—REFUSAL TO ALLOW CLAIM—REMEDY OF CLAIMANT.—Upon the refusal of the board of control to allow such a claim upon the ground of overcharges made in previous years, the remedy of the claimant is *mandamus,* and not by appeal to the legislature, as under the provisions of section 671 of the Political Code the latter remedy is only applicable where the board finds that the services were not performed or the expenses not incurred.

ID.—MANDAMUS—ABUSE OF DISCRETION—ENFORCEMENT OF PARTICULAR ACTION.—While it is the general rule that where an officer, board, or tribunal is vested with power to determine a question upon which a right depends, *mandamus* will not lie to control the discretion of such officer, board, or tribunal in the determination thereof, nevertheless the writ will lie to correct abuses of discretion, and to force a particular action by the inferior tribunal or officer, when the law clearly establishes the petitioner's right to such action.

APPEAL from a judgment of the Superior Court of Los Angeles County.    John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Leon F. Moss, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, and John F. Neylan, for Respondents.

SHAW, J.—Plaintiff filed his petition in the superior court of Los Angeles County praying for a writ of mandate against the State Board of Control and members thereof, commanding it and them to allow and approve certain claims, the aggregate amount of which was the sum of $2,199.26, presented by him as sheriff of said county against the state for services rendered by him as such sheriff in the month of December, 1914, and expenses necessarily incurred in conveying persons, adjudged by the superior court of said county to be committed, to state prisons and other state institutions.

Defendants answered alleging, among other things, that on January 21, 1914, they, in the performance of the duty imposed upon them by law, discovered, determined, and adjudged that petitioner was indebted to the state of California in the sum of $2,199.26, paid to and received by him as

sheriff from the state of California upon claims presented during the years 1911, 1912, and 1913, for alleged services and necessary expenses incurred by him as such official for conveying prisoners to state institutions, which claims were, to the extent of $2,199.26, in excess of that to which he was justly and legally entitled, and the allowance of which by said board was obtained by means of fraudulent representations made with intent to deceive and defraud, and which did deceive and defraud, these defendants and the state of California; that petitioner has refused to recognize such payments as being in excess of the sum to which he was entitled during said years of 1911, 1912, and 1913, or repay the same, although demand had been made therefor by respondents upon an itemized list of said alleged overcharges delivered to petitioner; that by reason of such fact respondents claim the right to withhold from petitioner, to the extent of $2,199.26, the allowance and payment of other claims due him under section 4290 of the Political Code. The answer further alleged that ''respondents deny that petitioner has no plain, speedy, and adequate remedy in the ordinary course of law for the enforcement of right in the premises, and allege that petitioner has no rights in the premises or as claimed and alleged by him in his petition for writ of mandate herein; that said petition does not state facts sufficient to constitute a cause of action against these respondents or any or either of them, or against the state of California, nor does said petition state facts sufficient to entitle petitioner to the relief sought therein, nor to any relief.'' And further alleged ''that this honorable court has no jurisdiction of the subject matter set forth in said petition, nor to grant the plaintiff the relief sought therein.''

Attached to each of the nine claims so presented and showing the action of respondents had thereon and reasons therefor, as required by section 666 of the Political Code, was a statement as follows:

''Office of State Board of Control.

''Sacramento, Cal., Feb. 2, 1915.

''The annexed account for 207.85/100 two hundred seven & 85/100 presented by Wm. A. Hammel for transportation of prisoners to Folsom is rejected and disallowed under section 666, Political Code of the state of California, and Sec. 682 of the Political Code of the state of California, for the reason

that said claimant is now indebted to the state of California in the sum of $2,199.26, moneys by him had and received for the use and benefit of the said state of California, prior to the date hereof, all of which said claimant has heretofore refused and does now refuse to repay to the state despite demand made of him for such repayment.''

It must be conceded, upon admitted allegations of the petition, stipulations made, and uncontroverted evidence offered by petitioner, that the claims in question were found and determined by the board of control to be properly made out and presented in full compliance with the law and the rules governing the same as adopted by said board, and no question is raised as to the truth and correctness thereof or petitioner's right to have the same allowed, save and except that respondents assert, without offering any proof thereof, that petitioner is indebted to the state for the collection of overcharges for services rendered and expenditures made during the years 1911, 1912, and 1913, claims for which had at the time been duly approved and allowed by said board of control, warrants issued therefor by the controller and paid in usual course.

Upon trial, and after petitioner had introduced his evidence, the respondents, without offering any evidence, moved the court to dismiss the petition and said proceeding upon the ground ''that this court has no jurisdiction of the subject matter set forth in said petition, nor to grant to petitioner the relief sought therein; and that this court has no jurisdiction of the parties respondent to this proceeding; that the petition does not state facts sufficient to constitute a cause of action against these respondents or any or either of them, or against the state of California; nor does said petition state facts sufficient to entitle petitioner to the relief therein sought, nor to any relief.'' The court made an order granting the motion, and caused a judgment to be entered dismissing the proceeding, from which petitioner prosecutes this appeal.

In support of the court's ruling, respondents insist, first, that the State Board of Control in acting upon claims presented for its allowance is vested with judicial powers, and having in its discretion refused to allow the claims, *mandamus* will not lie to compel other action than that taken; second, that under the provisions of section 671 of the Political Code

petitioner's remedy, if aggrieved by the action of the board, was an appeal to the legislature.

As to the first proposition, it is undoubtedly the general rule that where an officer, board, or tribunal is vested with power to determine a question upon which a right depends, *mandamus* will not lie to control the discretion of such officer, board, or tribunal in the determination thereof. (*Inglin* v. *Hoppin,* 156 Cal. 483, [105 Pac. 582].) Nevertheless, as stated in the above-entitled case: "The above cases [cited in the opinion] abundantly show that *mandamus* will lie to correct abuses of discretion, and will lie to force a particular action by the inferior tribunal or officer, when the law clearly establishes the petitioner's right to such action"; or, we may add, where in determining the matter confided to such board its discretion has been controlled by a consideration of questions not relating to the subject involved, and therefore not properly within its discretion (26 Cyc. 161) ; or, as stated in *State* v. *Stutsman,* 24 N. D. 68, [Ann. Cas. 1914D, 776, 139 N. W. 83], "where the discretion is made to turn upon matters which, under the law, should not be considered." And this we conceive to be the vice of respondents' position.

Section 4290 of the Political Code provides: "The sheriff shall be entitled to receive and retain for his own use, five dollars *per diem* for conveying prisoners to and from the state prisons, and for conveying persons to and from the insane asylums, or other state institutions, not otherwise provided for by law; also, all expenses necessarily incurred in conveying insane persons to and from the insane asylums, and in conveying persons to and from the state prisons, or other state institutions, which *per diem* and expenses shall be allowed by the board of examiners and collected from the state." Under this provision the sheriff is entitled to collect and receive from the state for the services specified five dollars per day and expenses necessarily incurred in the performance thereof, subject only to the condition that his claim therefor is properly presented, as here done, to the board of control, as provided in section 663 of the Political Code, for its scrutiny, which scrutiny and examination under the provision quoted is limited to an inquiry as to whether the sheriff has rendered the services set forth in his claim and whether the amount claimed for expenses was necessarily incurred in such performance; and upon a finding favorable to claimant.

then, as provided by section 4290, the board of control has no discretion other than to allow such "*per diem* and expenses." (*Hensley* v. *Superior Court,* 111 Cal. 541, [44 Pac. 232].) Since as to such claims the right to scrutinize is thus limited, it must follow that the board may not refuse to allow a claim concededly correct and properly presented, upon grounds other than those specified; that is, where it finds the services were not performed or the expenses not necessarily incurred. (*Lawrence* v. *Booth,* 46 Cal. 187.) The mere assertion, such as here made, that the claimant is indebted to the state, whether by reason of his having theretofore wrongfully obtained its funds or negligently operated a motor car as a result of which state property was damaged, furnishes no reason for disallowing his claim, for the reason that under the statute it is not made to depend upon a determination of such questions. Therefore, if it be conceded the petitioner as such sheriff was indebted to the state on account of other dealings, such fact is no ground for disallowing the claims presented for services rendered and expenses incurred by him for and on behalf of the state.

While under section 682 the board is vested with powers of supervision over matters concerning the financial and business policies of the state and may institute investigations and proceedings to conserve the interests thereof, no power, however, is vested in it to institute or maintain actions for the recovery of funds due the state. Such powers of supervision and investigation so given it under section 682 must, in a case of the character here involved, be exercised subject to and controlled by the provisions of section 4290.

Moreover, in regularly approving and allowing the claims presented by Hammel for services and expenses rendered and incurred during the years 1911, 1912, and 1913, for which warrants had been issued and paid, the board of control, to a limited extent, acted judicially in exercising the powers of investigation vested in it, and its decision in such matter was final and conclusive so far as a collateral attack thereon is concerned. (Black on Judgments, sec. 532; *Sullivan* v. *Gage,* 145 Cal. 759, 766, [79 Pac. 537]; *Cahill* v. *Colgan,* 3 Cal. Unrep. 622, [31 Pac. 614].) Conceding that the controller might in a proper case (sec. 433, Pol. Code), where it was made to appear that a claimant had by fraud obtained moneys of the state, institute an action to recover the same, no such

power is vested in the board of control. And if it has no power to institute such action, it is likewise wanting in power to interpose, as a defense in a proceeding for *mandamus,* a counterclaim based upon such alleged fraud.

Coming now to the second proposition which, as shown by the record, is that upon which the trial court based its judgment and order that the proceeding be dismissed. Section 671 of the Political Code provides that "Any person interested, who is aggrieved by the disapproval of a claim by the board, may appeal from the decision to the legislature of the state, by filing with the board a notice thereof, and upon the receipt of such notice the board must transmit the demand and all the papers accompanying the same, with a statement of the evidence taken before it, to the legislature." Respondents insist and the court held that by virtue of this provision, and conceding, as found by the board of control, that petitioner had performed services the *per diem* for which and expenses necessarily incurred in connection therewith, as fixed by section 4290 of the Political Code, amounted to the sum of $2,199.26, which claims therefor the board refused to allow for the alleged reason that he had theretofore, in other dealings had with the state, fraudulently obtained a sum of money in amount equal to such claims, his remedy, and only remedy, was an appeal to the legislature. We cannot consent to this proposition. Had the board found that petitioner had not performed the services claimed, or found the expenses incurred in the performance thereof were unnecessary, then, upon its determination of the question so confided to it, petitioner's only remedy would be an appeal to the legislature to pass a law for his relief, since in the absence of such facts the allowance of his claim would be clearly unauthorized. As said by the learned trial judge, the legislature has the right to fix the conditions upon which state funds will be paid out. By section 4290 it has prescribed such conditions, and the board of control has, as stated, found that those conditions were complied with by petitioner, but disallowed the claims upon grounds other than those prescribed. Hence, on an appeal to the legislature it would be called upon, not to review the questions as to whether petitioner had complied with the conditions upon which it had directed the board of control to allow the claims, but whether petitioner had been guilty of the alleged fraud with which he is charged by the board

of control. Except as to the Senate when sitting as a court of impeachment (sec. 1, art. VI, Const.), the legislature possesses no judicial power, and hence could not try the question as to whether or not petitioner had, as claimed, by means of fraud looted the state treasury. Nor by such provision was it ever intended that this subordinate agency of the state, vested with limited powers, should ignore the plain import of the language used in section 4290, thus leaving one aggrieved by its unwarranted action with no remedy or redress other than to appeal to, that is, petition (Magna Charta, and sec. 10, art. I, State Constitution) the legislature for the enactment of another law in effect declaring that it (the legislature) meant and intended just what was said in section 4290 of the Political Code. To so apply the provision of section 671 would not only place the State Board of Control above the law, but lead to an absurdity. One may readily conceive of claims presented to the board where its disallowance thereof would be final, leaving the claimant with no remedy other than to petition the legislature for relief. To such cases only the provision must be held applicable. Where, however, the legislature has, as here, provided that a sheriff shall for services designated receive a *per diem* of five dollars, together with the expenses necessarily incurred in the performance of such services, and directed that the board of control shall allow claims therefor, it leaves to the board no discretion other than to allow such claims upon finding facts the existence of which is made the only condition upon which such allowance is directed by the legislature, and the absence thereof the only ground for refusal to allow the same. For such refusal in a proper case an appeal to the legislature provides no adequate remedy. The allowance under the circumstances is one "specially enjoined" by law upon respondents, and for its refusal to perform the act so enjoined a writ of mandate lies to compel such performance. (Code Civ. Proc., sec. 1085; *Lawrence* v. *Booth,* 46 Cal. 187; *Sullivan* v. *Gage,* 145 Cal. 759, [79 Pac. 537].)

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 25, 1916.