[Civ. No. 3074. Second Appellate District, Division One.—October 30, 1919.]

G. M. THEODORE et al., Copartners, etc., Petitioners, v. R. Y. WILLIAMS, Judge, etc., Respondent.

[1] INJUNCTION—SOLICITING OF PATRONAGE OF CUSTOMERS OF LAUNDRY—CONTEMPT PROCEEDINGS.—In this proceeding in *mandamus* to compel the superior court to adjudge a certain person guilty of contempt for the violation of a decree granting an injunction re-

───────

1. Right, in absence of negative covenant, to enjoin former employee from soliciting business from customers of employer, note, 31 L. R. A. (N. S.) 260.

straining him from soliciting patronage from the customers of the petitioners residing on a given route, he having entered the employ of a rival concern, the appellate court could not say that there was an abuse of discretion by the superior court in deciding that he was not guilty of acts constituting a violation of the injunction. As to whether or not there was a violation of the injunction was a question for the determination of the superior court upon all the evidence adduced at the hearing of the contempt proceeding.

[2] ID.—VIOLATION OF INJUNCTION—INSUFFICIENT ACTS—RIGHT TO PURSUE LAWFUL CALLING.—To hold that the mere driving along the streets of a wagon marked with the name of the rival laundry and himself as its agent, and the carrying of an advertisement in a newspaper stating that he was such agent, and giving his phone number, constituted violations of the writ restraining him from soliciting the patronage of the customers of his former employer, would deprive him of the right to pursue a lawful calling as a means for obtaining a livelihood, which, in the absence of a positive covenant, cannot be done.

[3] ID.—RIGHT OF CUSTOMERS TO TRANSFER PATRONAGE.—Patrons of the laundry by which he was formerly employed possessed the right to transfer their patronage to the laundry by which he was subsequently employed, and the receiving by him of such patronage as the agent of the latter laundry did not constitute a violation of the injunction, where such transfer was made without any act on his part which could induce the change.

PROCEEDING in Mandamus to compel .R. Y. Williams, as the Judge of the Superior Court of Orange County, to adjudge a certain person guilty of contempt for violation of an injunction. Writ dismissed.

The facts are stated in the opinion of the court.

Ward Chapman and L. M. Chapman for Petitioners.

Clyde Bishop for Respondent.

SHAW, J.—This is an original proceeding in mandate to compel the superior court of Orange County to adjudge J. L. Adkins guilty of contempt for the violation of a decree granting an injunction against him in an action therefor, wherein petitioners were plaintiffs and he was defendant.

Petitioners were the proprietors of a laundry in the city of Anaheim, operated under the name of the Anaheim Laun-

dry. As an employee of petitioners, Adkins had charge of laundry route No. 1 in said city, his duty being to gather from and return to customers in such territory the articles consigned to petitioners for laundry. About March, 1919, Adkins severed his connection with the Anaheim Laundry and, in the same capacity, entered the employ of the Model Laundry, also operating in said city of Anaheim, and, using the information obtained while in petitioners' employ, proceeded to solicit the business and patronage of customers of the Anaheim Laundry residing in said laundry route No. 1. Thereupon, in an action therefor, the court, on April 22, 1919, rendered a decree perpetually enjoining Adkins from soliciting, either directly or indirectly, any laundry work from any customers of petitioners who were such on the twenty-sixth day of March, 1919, in what was known as route No. 1 in the city of Anaheim, and further enjoined and restrained him from receiving any laundry work from such customers as the result of any solicitation on his part, either directly or indirectly, or taking any laundry work of said customers, obtained through such solicitation, to any competing laundry, or disclosing to any competing laundry the names or addresses of such customers, or endeavoring to persuade them to cease their patronage of petitioners, or take their laundry work to another laundry.

Thereafter, upon application of petitioners, supported by affidavits that Adkins was violating the injunction so granted, he was by the court cited to appear therein on May 3, 1919, and show cause why he should not be adjudged guilty of contempt and punished therefor. Pursuant to this order, Adkins appeared in court, at which time a hearing was had and the court made an order as follows: "It appearing to the court that the defendant has not violated any of the terms of the injunction, therefore the defendant is not adjudged in contempt of this court."

The purpose of the injunction granted in the action was to protect the rights of plaintiffs therein, who are petitioners here. This purpose could only be accomplished by enforcing the terms of the injunction, and the only means provided by law for such enforcement was the proceeding in contempt wherein, upon the disobedience of the injunction being shown, it was the duty of the court to impose punishment therefor. The application for writ of mandate is based upon the alleged

neglect of this duty on the part of the court. While counsel for petitioners concede the general rule that where a lower court is vested with power to determine a question upon which a right depends, *mandamus* will not issue to control the discretion of such court in the determination thereof (*Hammel* v. *Neylan,* 31 Cal. App. 23, [159 Pac. 618]; *Strong* v. *Grant,* 99 Cal. 100, [33 Pac. 733]), they, nevertheless, insist that, in the absence of any other remedy, the writ will lie to force a particular action by the inferior court when, upon the facts clearly established without conflict of evidence, the court, as a matter of law, may not act otherwise than in such particular manner. (*Ex parte Ford,* 160 Cal. 334, [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757]; *Inglin* v. *Hoppin,* 156 Cal. 483, [105 Pac. 582].)

[1] As to whether or not there was a violation of the injunction was a question for the determination of the court upon all the evidence adduced at the hearing of the contempt proceeding; and we cannot say there was an abuse of discretion by the court in deciding that Adkins was not guilty of acts constituting a violation of the injunction.

In addition to the affidavits upon which the citation to show cause was issued, one of the petitioners was called as a witness. His testimony was to the effect that subsequent to the granting of the injunction he had seen Adkins call at the residences of former customers of petitioners and obtain their laundry. As to one of said customers, he said: "I tried to talk to her; she would not let me have the bundles; she told me they were for Mr. Adkins." As to another, he stated she refused to give him her laundry, and said she would have no more laundry for the Anaheim Laundry. As to others, his testimony shows they refused to continue as patrons of the Anaheim Laundry and transferred their work to the Model Laundry, represented by Adkins. There is no showing, either in the affidavits or testimony, that Adkins had done anything subsequent to the issuance of the writ of injunction which could be construed as soliciting laundry from such persons, unless, as claimed by petitioners, the driving along the street of his wagon, plainly labeled "Model Laundry, J. L. Adkins," and the carrying of an advertisement in one of the papers wherein he stated, "I am agent for the Model Laundry, J. L. Adkins, Phone Anaheim 14 W.," be construed as acts in violation of the writ. [2] To so hold would deprive

him of the right to pursue a lawful calling as a means for obtaining a livelihood. This, in the absence of positive covenant, may not be done. (See *New Method Laundry Co.* v. *McCann*, 174 Cal. 26, [Ann. Cas. 1918C, 1022, 161 Pac. 990], and cases therein cited.) As against this testimony, Mr. Adkins testified that since the injunction was granted, "I have not in a single instance told anybody to give me their laundry or requested anybody to give me their laundry. I have not called for laundry in a single instance at any house in Anaheim except where I have been previously requested personally by note or by telephone to call and get the work."

[3] That former patrons of the Anaheim Laundry possessed the right to transfer their patronage from the Anaheim Laundry to the Model Laundry, represented by Adkins, there can be no doubt. Nor can there be any doubt as to his right to receive it where such transfer is made without any act on his part which could induce the change. It may be conceded that prior to the issuance of the injunction Adkins had been guilty of unlawful acts as a result of which he obtained for the Model Laundry the patronage of those who had theretofore given their work to the Anaheim Laundry. But in this proceeding we are not concerned with what he did prior to the issuance of the injunction; the inquiry in the contempt proceeding related to acts committed by him subsequent to the time when he was "enjoined from soliciting, either directly or indirectly, any laundry work from any customers of" petitioners, and restrained from receiving laundry work from such customers as the result of solicitation on his part, or taking any laundry work of said customers obtained through such solicitation. Conceding that by means of wrongful acts committed by Adkins prior to the issuance of the writ of injunction he had obtained the work of petitioners' customers, who thereafter, without further act on his part other than to call for and receive their laundry on request by phone or otherwise to do so, such acts being within his right, did not constitute a violation of the injunction. The conclusion of the court was that, *since the issuance of the writ* he had not been guilty of soliciting work from former customers of petitioners; that he had not received any laundry work from such customers as the result of solicitation on his part, nor had he taken any laundry work from customers which had been obtained through such solicitation.

In the absence of any direct showing on the part of petitioners that Adkins had solicited the laundries received by him from their former customers, and that the only act on his part, other than calling at their residences to get the work, was the driving along the streets of a wagon marked "Model Laundry," and the advertisement carried in a newspaper above referred to, it cannot be said the court abused its discretion in accepting as true the statement of Adkins that he had not in a single instance called at any house in Anaheim except where he had been previously requested personally by note or by telephone to call and get their work.

The writ is dismissed.

Conrey, P. J., and James, J., concurred.