ADA INVESTMENT COMPANY, Plaintiff, v. STATE, Defendant.

[234 Pac. 304.]

STATES—CLAIMS AGAINST—RECOMMENDATORY JUDGMENTS—SET-OFF AND COUNTERCLAIM.

In an action against the state for a recommendatory judgment the defendant may assert in opposition thereto any claims which are connected with the transaction sued upon.

PROCEEDINGS had on December 9, 1924, before I. W. Hart, referee, appointed by the court to take testimony.

Prayer for recommendatory judgment. *Denied.*

Richards & Haga, for Plaintiff.

The moneys in the state insurance fund are not public moneys and cannot be disbursed or expended by the state in

payment of any claims against the state or for the purpose of carrying on any of the functions of government; nor are the demands against such fund claims against the state, and the state cannot refuse to pay a claim or demand against the state on the sole ground that said state insurance fund may have a claim or demand against such claimant. (*Bordson v. North Dakota Workmen's Compensation Bureau* (N. D.), 191 N. W. 839; *State v. Olsen,* 43 N. D. 619, 175 N. W. 714; *State v. Cook,* 17 Mont. 529, 43 Pac. 928; *State v. Collins,* 21 Mont. 448, 53 Pac. 1114; *Melgard v. Eagleson,* 31 Ida. 411, 172 Pac. 655; *Evans v. Van Deusen,* 31 Ida. 614, 174 Pac. 122; *State v. Jorgenson,* 29 N. D. 173, 150 N. W. 565; *State v. McMillan,* 36 Nev. 383, 136 Pac. 108; *State v. Taylor,* 33 N. D. 76, Ann. Cas. 1918A, 583, 156 N. W. 561, L. R. A. 1918B, 156; *State v. Board of Education,* 33 Ida. 415, 196 Pac. 201; *Des Moines Mutual Hail & Cyclone Ins. Assn. v. Steen,* 43 N. D. 298, 175 N. W. 195.)

A. H. Conner, Attorney General, and James L. Boone, Assistant Attorney General, for Defendant, cite no authorities on point decided.

GIVENS, J.—This is an original action for a recommendatory judgment against the state of Idaho for $5,587.19, and interest thereon from May 5, 1922, claimed to be the amount due on retained percentages for work done for the state of Idaho in the construction of a highway, which claim is admitted by the state to be due, but rejected by the state board of examiners because plaintiff's predecessor in interest was indebted, in connection with said work, to the state insurance fund under the Workmen's Compensation Act in the sum of $5,362.96, and interest from January 1, 1921, for premiums due said fund.

The state pleads the statute of limitations, and plaintiff counters, urging an agreement or understanding between the attorney general, counsel for the state, and plaintiff's attorney to the effect that the state would not urge the statute of limitations.

Plaintiff's main premise is that the state insurance fund is neither a state fund nor public moneys, hence the state has no right to urge a set-off, it being inferentially conceded by defendant's brief that if it were a general fund, the state might urge such set-off.

No authorities are cited showing why such a distinction does or should exist.

C. S., sec. 6307, provides that: "If an employer shall default in any payment required to be made by him to the state insurance fund, the amount due from him shall be collected by civil action against him in the name of the state or of the department of commerce and industry, and it shall be the duty of the department forthwith to bring or cause to be brought against each such employer a civil action in the proper court for the collection of such amount so due; and the same, when collected by the department, shall be paid into the state insurance fund, and such employer's compliance with the provisions of this chapter requiring payments to be made to the state insurance fund shall date from the time of the payment of said money so collected to the department."

Plaintiff's authorities go merely to the proposition that the state insurance fund is not a general fund, not that the state may not sue or claim a set-off for moneys due this fund in a suit brought against the state. The principal part of plaintiff's reply brief is beside the point, because in this case this court is not reviewing the action of the state board of examiners excepting in connection with whether or not the court will recommend that the legislature pay plaintiff's claim; consequently *Hammel v. Neyland,* 31 Cal. App. 21, 159 Pac. 618, and similar authorities are not in point.

The state, or the department of commerce and industry, which is an arm of the state, and therefore so far as the state insurance fund is concerned is the state, has power and authority to collect and sue for moneys due this fund; therefore in a suit brought against the state for a recommendatory judgment the question of whether it is a general or special fund would not affect the authority of the state to urge a

set-off of moneys admittedly due a department of the state. (C. S., secs. 6695, 6696 and 6697; 24 R. C. L. 78; 34 Cyc. 633; *Commonwealth v. Phoenix Bank,* 11 Met. (Mass.) 129.)

The state in this suit has a right to urge as a set-off against the plaintiff a confessedly existent claim for moneys due the state insurance fund. (*State v. Schurz,* 143 Minn. 218, 173 N. W. 408.) And since no other showing has been made why this court should make a recommendatory judgment, plaintiff's prayer will be denied.

This disposition of the case renders it unnecessary to consider the question of the statute of limitations and it is therefore ordered that the plaintiff take nothing by its complaint and that the defendant recover its costs and disbursements.

Wm. E. Lee and Budge, JJ., concur.

Petition for rehearing denied.