[Civ. No. 7853. First Appellate District, Division Two.—August 27, 1931.]

JOSEPH M. ENRIGHT, Appellant, v. HARRY G. WILLIAMS, as Auditor, etc., Respondent.

Myron Harris, Leo A. Sullivan and John Jewett Earle for Appellant.

C. Stanley Wood, City Attorney, and Homer W. Buckley Deputy City Attorney, for Respondent.

STURTEVANT, J.—Claiming to be a member of the police department of the city of Oakland, the plaintiff applied to the trial court for a writ of *mandamus* commanding the defendant as auditor to draw his warrant in payment of two salary claims. His application was denied. He made a motion for a new trial and the motion was denied and he has appealed from the judgment.

Plaintiff set forth a cause of action to recover two salary claims as a police officer. The defendant as auditor filed an answer denying that the plaintiff was a police officer during the period within which the alleged claims arose. He also set forth certain affirmative defenses. He pleaded the plaintiff's discharge from the service on January 3, 1924—six years before the alleged claims for salary arose. He also pleaded several statutes of limitation. ██ The court made findings sustaining the defendant's claim that the plaintiff was discharged on January 3, 1924, and was not, thereafter, a member of the police department. If that finding was supported by the evidence, other points made in the briefs need not be discussed. The plaintiff vigorously contends that said finding is not supported. ██ He claims that the civil service board duly adopted rules, one of which provided that when an employee is discharged he must be given notice thereof. Continuing the plaintiff claims he was not given any notice. The defendant replies that he was and that the court not only so found the fact to be but went further and

made a finding that the notice was in writing in the form of a letter which is set forth in the findings, as follows:

"January 3, 1924.

"Mr. Joseph M. Enright,

"Assistant Inspector of Police,

"Oakland Police Department,

"Oakland, California.

"Dear Sir:

"After analyzing the transcript of testimony of the ·preliminary hearing held at Martinez, Contra Costa County, California, December 4, 1923, in the matter of charges against you· and after careful consideration of the facts of the case and thorough discussion of the same with the Chief of Police, I have come to the conclusion that for the best interest of the Police Department you should be removed from your position therein.

"Therefore, this is to notify you that the order of suspension made on October 12, 1923, is this day terminated and *you are hereby discharged from your position of Assistant Inspector in the Oakland Police Department for misconduct and violation of the rules and regulations of said department.*

"Your very truly,

"FRANK COLBOURN,

"Commissioner of Public Health and Safety."

(Italics ours.)

Section 81 of the charter of the city of Oakland provides: "All persons holding positions in the classified civil service shall be subject . . . to removal from office or employment, by the commissioner in whose department they are employed . . . for misconduct, incompetency or failure to perform their duties under or observe the rules and regulations of the department or office . . ." At this time we pause to remark that the grounds of the discharge of the plaintiff, as stated in the above letter, are clearly within the provisions of the law just quoted, and that the law did not require the specific charge to be stated in the exact language of an indictment (*Andrews* v. *King*, 77 Me. 224, and *Lindblom* v. *Doherty*, 102 Ill. App. 14). This is particularly true as to the statute we are considering. The charter does not expressly require a trial either before or after a discharge. If no trial ·is to be had then there is no object in placing of record any harsh

accusations against one who is so unfortunate as to be discharged. But the plaintiff cites section 3, rule VII, enacted by the civil service board and claims the letter did not comply with said section. That section provides as follows: "When an employee in the classified service of the city is . . . discharged . . . for any cause from which he has a right to appeal to the Civil Service Board, the Commissioner . . . shall within twenty-four hours after the making of the order cause a written notice to be served on the affected employee, said notice to set forth in general the cause for the . . . discharge . . . and the day of the month and the year when same takes effect . . . " A comparison discloses that the rule does not purport to require the notice to state the specific elements of the offense, but says the notice will *"set forth in general the cause"*. ■ If and when a discharged employee is dissatisfied with the order of discharge, he is given a full and complete remedy. Section 82 of the charter provides: "Any person . . . discharged . . . may within five days from the making by the Commissioner . . . of the order . . . discharging him . . . appeal therefrom to the Civil Service Board, which shall fully hear and determine the matter. The accused shall be entitled to appear personally, and to have counsel and a public hearing. The finding and decision of the Board shall be certified to the official from whose order the appeal is taken, and shall forthwith be enforced and followed by him." The plaintiff took no appeal, but after about six years of acquiescence he applied to be, and was reinstated. But, as we have shown, the plaintiff was legally discharged and his purported reinstatement was unauthorized.

The defendant contends that section 3 of rule VII enacted by the civil service board conflicts with section 81 of the charter of the city of Oakland and is therefore void. While we have treated it as valid we do not wish to be understood as expressing any opinion on the subject. Much can be said both for and against the validity. We prefer to wait until a time when the subject can be more fully argued.

■ When the plaintiff first presented his claim it was allowed by the council, but it was rejected by the defendant. Thereafter the claim was allowed by a four-fifths vote of the council. This procedure was in accordance with section

122 of the charter. The plaintiff contends that the second allowance was in its nature final. The contention may not be sustained. The point has been decided (*Nightingale* v. *Williams*, 70 Cal. App. 424 [233 Pac. 807]) and is not an open one.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 26, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1931.